IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KOKI HOLDINGS CO., LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 18-313 (CFC) |
| v. | ) | |
| | ) | |
| KYOCERA SENCO INDUSTRIAL | ) | |
| TOOLS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO
EXCLUDE CERTAIN OPINIONS OF MR. KEVEN MILLER**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Karen Jacobs (#2881)
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
kjacobs@mnat.com
mflynn@mnat.com

*Attorneys for Plaintiff Koki Holdings Co., Ltd.*

OF COUNSEL:

Paul Devinsky
Stephen J. Smith
MCDERMOTT WILL & EMERY LLP
The McDermott Building
500 North Capitol Street, N.W.
Washington, DC  20001
(202) 756-8000

Amol A. Parikh
Thomas DaMario
MCDERMOTT WILL & EMERY LLP
444 West Lake Street
Chicago, IL  60606
(312) 372-2000

June 19, 2020

# **TABLE OF CONTENTS**

Page

I.      NATURE AND STATE OF PROCEEDINGS ................................................1

II.     SUMMARY OF THE ARGUMENT ...........................................................1

III.    STATEMENT OF FACTS ............................................................................1

     A.      U.S. Patent No. RE42,987 .............................................................1

     B.      Mr. Miller's Non-Infringement Report ..........................................3

IV.     LEGAL STANDARDS .................................................................................4

     A.      *Daubert* Standard ...........................................................................4

     B.      Infringement ....................................................................................5

V.      ARGUMENT .................................................................................................5

VI.     CONCLUSION ..............................................................................................8

# TABLE OF AUTHORITIES

Page(s)

## Cases

*Acme Highway Prods. Corp. v. D.S. Brown Co.*,
  473 F.2d 849 (6th Cir. 1973), *cert. denied* 414 U.S. 824 (1973) ........................6

*Amstar Corp. v. Envirotech Corp.*,
  730 F.2d 1476 (Fed. Cir. 1984) .......................................................................5, 6

*Asyst Techs. Inc v. Empak, Inc.*,
  268 F.3d 1364 (Fed. Cir. 2001) ...........................................................................7

*Bernard Dalsin Mfg. Co. v. RMR Prods., Inc.*,
  10 F. App'x 882 (Fed. Cir. 2001) .........................................................................6

*Daubert v. Merrell Dow Pharm., Inc.*,
  509 U.S. 579 (1993)...............................................................................................4

*Hebert v. Lisle Corp.*,
  99 F. 3d 1109 (Fed. Cir. 1996) .............................................................................4

*I-Flow Corp. v. Wolf Med. Supply, Inc.*,
  No. SACV 09-0762-AG,
  2009 WL 10697983 (C.D. Cal. Sep. 28, 2009) ...................................................6

*JVW Enters., Inc. v. Interact Accessories, Inc.*,
  424 F.3d 1324 (Fed. Cir. 2005) .......................................................................6, 7

*Odetics, Inc. v. Storage Tech. Corp.*,
  185 F.3d 1259 (Fed. Cir. 1999) ...........................................................................5

*SunTiger, Inc. v. Scientific Research Funding Group*,
  189 F.3d 1327 (Fed. Cir. 1999) ...........................................................................8

*Vitronics Corp. v. Conceptronic, Inc.*,
  90 F.3d 1576 (Fed. Cir. 1996) .............................................................................5

## Rules and Statutes

35 U.S.C. § 112, § 6...............................................................................................3

Fed. R. Evid. 402 ...................................................................................4

Fed. R. Evid. 403 ...................................................................................4

Fed. R. Evid. 702 ..............................................................................4, 6

## I.      NATURE AND STATE OF PROCEEDINGS

Plaintiff Koki Holdings Co. Ltd. ("Koki") respectfully submits this opening brief in support of its motion to exclude certain opinions of Defendant Kyocera Senco Industrial Tools, Inc.'s ("Kyocera") expert, Mr. Keven Miller, that rely on an incorrect legal standard for assessing non-infringement of the asserted claims of U.S. Patent No. RE42,987 (the "'987 patent"). Fact and expert discovery are now closed. Trial is scheduled to begin on November 2, 2020. (D.I. 14.)

## II.     SUMMARY OF THE ARGUMENT

The Court should exclude the opinions and testimony of Kyocera's non-infringement expert, Mr. Miller, related to non-infringement by Kyocera's JoistPro 150XP Nailer because he applies an incorrect legal standard in his analysis. Specifically, Mr. Miller's non-infringement theory is based on the JoistPro requiring *additional* structure to that set forth in the Court's construction of the means-plus-function term "push portion."  It is well-established law that the mere addition of components in the accused product to perform the stated function cannot negate infringement. Because Mr. Miller employs an incorrect legal standard, his testimony is not helpful to the jury and should be excluded.

## III.    STATEMENT OF FACTS

### A.      U.S. Patent No. RE42,987

The '987 patent is generally directed to a nail gun that has a novel nosepiece design that permits accurate nail placement into pre-punched metal connector holes

by employing a push lever mechanism that allows the user to easily locate the nail prior to firing. FIG. 1 shows an example of the tool and FIG. 3 shows a cross-sectional view of the push lever mechanism.



The tool includes a safety having a lower safety portion 22 located near the nosepiece. The lower safety portion 22 has a lower end 12b and is capable of reciprocal movement in parallel with the reciprocal movement direction of the blade 7. (Ex. Q at col. 4:45-65.)[1] The lower end 12b is normally positioned in an upper position and is retracted above the nail tip 4c, thus allowing the user to

---

[1]    "Ex. __" refers to the exhibits in the Declaration of Michael J. Flynn attached to the Plaintiff's Concise Statement of Facts in Support of its Motion for Summary Judgment that the '012 and '647 patents are Not Invalid, filed concurrently herewith.

locate the nail tip before initiating the driving action. (*Id.*) Once the nail tip is set, the lower end 12b of the lower safety portion 22 is prevented from moving downward and trigger 11 can be pulled to initiate the driving action. (Ex. Q at col. 5:13-42.)

The asserted claims of the '987 patent recite a "push portion" with an end that is movable following the nosepiece of the tool and that is normally in an upper dead center position. (Ex. Q at cl. 14, 18, 19). In its Claim Construction Order, the Court found the term "push portion" was subject to 35 U.S.C. § 112, § 6 and construed the term as follows:

> <u>Structure</u>: safety portion 12 that is mechanically coupled to trigger 11, the safety portion 12 consisting of upper safety portion 20, cam member 21, and lower safety portion 22
>
> <u>Function</u>: operation of the trigger switch is enabled when the end of the push portion is prevented from moving downward

(D.I. 53 at 1.)

### B.   <u>Mr. Miller's Non-Infringement Report</u>

Koki's expert, Glenn Vallee, Ph.D, issued his opening expert report on infringement asserting that Kyocera's JoistPro 150XP Nailer infringes claims 14-19 of the '987 patent. (Ex. C (Vallee Opening Report) at ¶ 5(e).) In his infringement report, Dr. Vallee identified the function and corresponding structure in the JoistPro 150XP that meet the "push portion" limitation as construed by the Court. (*Id*. at ¶¶ 133-138, 155, 166.)

3

In his rebuttal non-infringement report, Kyocera's expert, Mr. Miller, argues that the JoistPro 150XP does not meet the "push portion" limitation because its safety mechanism purportedly requires additional components to perform the claimed function. (Ex. E (Miller Rebuttal Report) at ¶¶ 39, 44, 47, 48.)

## IV.   LEGAL STANDARDS

### A.   _Daubert_ Standard

Federal Rule of Evidence 702 requires that expert testimony "help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. Expert testimony is admissible only if "the testimony is based on sufficient facts or data," "the testimony is the product of reliable principles and methods," and "the expert has reliably applied the principles and methods to the facts of the case." _Id._ "[T]he Rules of Evidence—especially Rule 702— . . . assign to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." _Daubert v. Merrell Dow Pharm., Inc._, 509 U.S. 579, 597 (1993). Expert testimony that is not relevant, unfairly prejudicial, confusing, or misleading to the jury should also be excluded. _See_ Fed. R. Evid. 402, 403.  When an expert opinion is based on an incorrect legal standard, the Court should exclude that opinion. _See Hebert v. Lisle Corp._, 99 F. 3d 1109, 1117 (Fed. Cir. 1996) ("We encourage exercise of the trial court's gatekeeper authority when parties proffer, through purported experts, not only unproven

science . . . but markedly incorrect law. Incorrect statements of law are no more admissible through 'experts' than are falsifiable scientific theories.").

**B.**   <u>**Infringement**</u>

Determining infringement involves two steps. First, the court must construe the claims. *See Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1581-82 (Fed. Cir. 1996). Second, the fact-finder must determine whether the claims, as properly construed, read on the accused device. *See id.* Regarding means-plus-function claims, "[l]iteral infringement of a §112, ¶6 limitation requires that the relevant structure in the accused device perform the identical function recited in the claim and be identical or equivalent" to the structure identified in the written description as corresponding to the recited function. *Odetics, Inc. v. Storage Tech. Corp.*, 185 F.3d 1259, 1267 (Fed. Cir. 1999). "Modification [of an accused device] by mere *addition* of elements o[r] functions, whenever made, cannot negate infringement . . . ." *Amstar Corp. v. Envirotech Corp.*, 730 F.2d 1476, 1482 (Fed. Cir. 1984) (collecting cases) (emphasis in original).

**V.   ARGUMENT**

The Court should exclude Mr. Miller's assertion that the JoistPro150XP does not infringe because it purportedly requires additional structure to perform the claimed function. Mr. Miller's theory that the addition of elements or functions to an accused device saves that device from infringement is legally erroneous and, if

permitted, would be unfairly prejudicial, confusing, or misleading to the jury. *See* Fed. R. Evid. 702; *Amstar*, 730 F.2d at 1482. It has long been held that "[a]n accused device cannot escape infringement by merely adding features, if it otherwise has adopted the basic features of the patent." *Acme Highway Prods. Corp. v. D.S. Brown Co.*, 473 F.2d 849, 885 (6th Cir. 1973), *cert. denied* 414 U.S. 824 (1973).

Mr. Miller argues that the structural aspect of the "push portion" limitation is not met "because the JoistPro's safety mechanism also requires *additional* pneumatic components and a pressurized air supply to operate." (Ex. E at ¶39 (emphasis added); *see also id*. at ¶¶ 44, 47, 48.) But all that is required for infringement is that the structural elements identified in the Court's claim construction are present in the JoistPro 150XP. *See JVW Enters., Inc. v. Interact Accessories, Inc.*, 424 F.3d 1324, 1333 (Fed. Cir. 2005); *Bernard Dalsin Mfg. Co. v. RMR Prods., Inc.*, 10 F. App'x 882, 888 (Fed. Cir. 2001) (while analyzing a § 112, ¶ 6 claim term, "it is well-established that the presence of additional structure, such as the intervening structure, in the accused device will not exclude a finding of infringement."); *I-Flow Corp. v. Wolf Med. Supply, Inc.*, No. SACV 09-0762-AG (MLGx), 2009 WL 10697983, at *5-6 (C.D. Cal. Sep. 28, 2009) (finding § 112, ¶ 6 claim term infringed because "modification by mere addition of elements or functions cannot negate infringement." (citations omitted)).

Mr. Miller makes the same legal error as the accused infringer in *JVW*. There, the accused infringer argued that the accused device did not meet the means-plus-function claim limitation "means for lockably receiving a video game controller" because "additional structure" was needed to perform the corresponding function of "receiving and locking a video game controller into a fixed position on the mounting member for use." *See* 424 F.3d at 1333. The Federal Circuit rejected the accused infringer's argument, explaining that the fact that the accused product may include additional structure for performing the function does not avoid infringement. *Id*. at 1333-34.

Moreover, when construing means-plus-function terms, a court must identify *only* the structure absolutely necessary to perform the recited function. *Asyst Techs. Inc v. Empak, Inc.*, 268 F.3d 1364, 1369-70 (Fed. Cir. 2001) ("Section 112 paragraph 6 does not permit incorporation of structure beyond that necessary to perform the claimed function."). This requirement ensures that courts do not unnecessarily limit the scope of the claims to include structure that is not needed to perform the identified function. *Id.* at 1370 ("Structural features that do not actually perform the recited function do not constitute corresponding structure and thus *do not serve as claim limitations.*") (emphasis added). Here, the Court identified only the minimum structure necessary to perform the function of "operation of the trigger switch is enabled when the end of the push portion is

7

prevented from moving downward." (D.I. 53 at 1.) Nothing in the Court's construction requires that an accused product contain *only* a "safety portion 12 that is mechanically coupled to trigger 11, the safety portion 12 consisting of upper safety portion 20, cam member 21, and lower safety portion 22" – and no other structure – to perform the claimed function. Instead, the accused device must contain *at least* that structure defined by the Court to perform the claimed function, but it may also contain additional structure to perform the function. *See SunTiger, Inc. v. Scientific Research Funding Group*, 189 F.3d 1327, 1336 (Fed. Cir. 1999) ("If a claim reads merely on a part of an accused device, that is enough for infringement."). Therefore, Mr. Miller's theory that the JoistPro 150XP does not infringe because it "needs additional components to perform the claimed function" is legally erroneous and should be excluded.

## VI.   CONCLUSION

For the foregoing reasons, Koki respectfully requests that the Court grant Koki's motion to exclude the opinions of Mr. Keven Miller that rely on a legally flawed interpretation of the standard for infringement, including at least paragraphs 39, 44, 47(1), and 48 of Mr. Miller's Rebuttal Report Regarding Non-Infringement (Ex. E).

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Michael J. Flynn*

_____

Karen Jacobs (#2881)
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
kjacobs@mnat.com
mflynn@mnat.com

OF COUNSEL:

Paul Devinsky
Stephen J. Smith
MCDERMOTT WILL & EMERY LLP
The McDermott Building
500 North Capitol Street, N.W.
Washington, DC  20001
(202) 756-8000

Amol A. Parikh
Thomas DaMario
MCDERMOTT WILL & EMERY LLP
444 West Lake Street
Chicago, IL  60606
(312) 372-2000

*Attorneys for Plaintiff Koki Holdings Co., Ltd.*

June 19, 2020

## CERTIFICATE OF COMPLIANCE WITH
## TYPE-VOLUME LIMITATION

The foregoing complies with the type-volume limitations of paragraph 12(b) of the Scheduling Order (D.I. 14). The text of this brief, including footnotes, was prepared in Times New Roman 14-point. According to the word processing system used to prepare it, the brief contains 1,746 words, excluding the case caption, tables, and signature block.

Dated: June 19, 2020                      */s/ Michael J. Flynn*
                                                  Michael J. Flynn (#5333)

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 19, 2020, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on June 19, 2020, upon the following in the manner indicated:

Kelly E. Farnan, Esquire                           *VIA ELECTRONIC MAIL*
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE  19801
*Attorneys for Defendant Kyocera Senco*
*Industrial Tools, Inc.*

Robert S. Rigg, Esquire                            *VIA ELECTRONIC MAIL*
David Bernard, Esquire
John K. Burke, Esquire
VEDDER PRICE P.C.
222 North LaSalle Street
Chicago, IL  60601
*Attorneys for Defendant Kyocera Senco*
*Industrial Tools, Inc.*

/s/ *Michael J. Flynn*
_____
Michael J. Flynn (#5333)