IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KOKI HOLDINGS CO., LTD., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> KYOCERA SENCO INDUSTRIAL ) <br> TOOLS, INC., ) <br> ) <br> Defendant. ) | C.A. No. 18-313 (CFC) |

**PLAINTIFF'S MOTION
FOR ADDITIONAL CLAIM CONSTRUCTION**

Plaintiff Koki Holdings Co. Ltd. ("Koki") respectfully requests that the Court construe the terms "cross-sectional area of the main valve control channel" from U.S. Patent No. 7,156,012 and "cross-sectional area of the first channel" from U.S. Patent No. 7,398,647. Prior to positions taken during expert discovery, neither party foresaw the need to construe these terms previously. Defendant Kyocera Senco Industrial Tools, Inc. ("Kyocera") does not oppose the motion.

I.  **STATEMENT OF FACTS**

The fact discovery deadline was December 20, 2019.

On February 27, 2020, the parties exchanged initial expert reports. In his initial expert report on invalidity, Kyocera's expert applied new prior art to the asserted claims of the '012 and '647 patent, namely, a physical SN325+ nail product ("SN325+ model"). (*See* D.I. 122 at 2-3.) In asserting that the SN325+

1

model anticipates or renders obvious the asserted claims, Kyocera's expert combines the cross-sectional area of the SN325+ model's four separate crossover holes into one cross-sectional area in order to assert that the SN325+ model meets the "cross sectional area of the [first channel/main valve control channel]" limitations.

On March 18, 2020, Koki filed a Motion to Strike portions of Kyocera's expert's invalidity report that relied on the newly disclosed SN325+ model. (D.I. 105.) Judge Burke denied the motion, but ordered the parties to meet and confer to discuss a plan for supplemental discovery in light of the new prior art. (D.I. 122.) The parties met and conferred and agreed that any claim construction disputes arising out of the assertion of the new prior art would be briefed as part of summary judgment. (Ex. P at 4.)[1]

Expert discovery is now closed. Trial is scheduled to begin on November 2, 2020. (D.I. 14.)

## II.    ARGUMENT

The Federal Circuit has made clear that courts alone must resolve any actual or fundamental dispute regarding the scope of the claims. *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1362 (Fed. Cir. 2008) ("When the

---

[1]    "Ex. __" refers to the exhibits in the Declaration of Michael J. Flynn attached to Plaintiff's Concise Statement of Facts in Support of its Motion for Summary Judgment that the '012 and '647 patents are not invalid, filed concurrently herewith.

parties raise an actual dispute regarding the proper scope of these claims, the court, not the jury, must resolve that dispute. . . . When the parties present a fundamental dispute regarding the scope of a claim term, it is the court's duty to resolve it."); *Alloc, Inc. v. Pergo, Inc.*, 366 F. App'x 173, 175-76 (Fed. Cir. 2010) (noting that "the district court surprisingly presented the claim construction to the jury" and stating that "[c]laim construction has always been a legal issue for the court and not within the fact-finding role of a jury.").

A decision not to construe a claim term is improper "when reliance on a term's 'ordinary' meaning does not resolve the parties' dispute." *O2 Micro*, 521 F.3d at 1362. For example, in *O2 Micro*, the parties agreed that the term "only if" had a common meaning but then disputed whether the claim term allowed for exceptions. *Id*. at 1360. The district court opted not to construe "only if" because the parties agreed that it had a common meaning and allowed the parties to present argument and expert testimony to the jury regarding the scope of the claims. *Id*. at 1361-62. The Federal Circuit found that the district court's failure to construe "only if" was error because the scope of that term was fundamental to the determination of infringement. *Id*. at 1362.

It has become apparent through expert discovery that Koki and Kyocera have a fundamental disagreement as to the meaning of the phrase "cross sectional area of the [first channel/main valve control channel]" in the context of how

3

Kyocera has applied this limitation to the newly added SN325+ model asserted prior art. As set forth in Koki's opening brief, filed herewith, Koki believes the plain meaning of the term "cross-sectional area of the [first channel/main valve control channel]" means the cross-sectional area of a *single* channel. On the other hand, Kyocera asserts that the limitation can be satisfied by the combined cross-sectional area of *multiple separate channels*.

Because the parties' dispute is fundamental to the resolution of Kyocera's assertions regarding the invalidity of the '012 and '647 patents, Koki respectfully requests that the Court address this claim construction dispute. Koki addresses the proper construction of this claim term in Section V.A.1 of its opening brief on summary judgment.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Michael J. Flynn*

Karen Jacobs (#2881)
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
kjacobs@mnat.com
mflynn@mnat.com

*Attorneys for Plaintiff*
*Koki Holdings Co., Ltd.*

OF COUNSEL:

Paul Devinsky
Stephen J. Smith
MCDERMOTT WILL & EMERY LLP
The McDermott Building
500 North Capitol Street, N.W.
Washington, DC  20001
(202) 756-8000

4

Amol A. Parikh
Thomas DaMario
MCDERMOTT WILL & EMERY LLP
444 West Lake Street
Chicago, IL  60606
(312) 372-2000

Hitoshi Akiba
KILPATRICK TOWNSEND
& STOCKTON LLP
The Imperial Tower, 15th Floor
1-1-1 Uchisaiwaicho,
Chiyoda-ku, Tokyo,
Japan 100
+81.3.350.756.09

June 19, 2020

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION

The foregoing complies with the type-volume limitations of paragraph 12(b) of the Scheduling Order (D.I. 14). The text of this brief, including footnotes, was prepared in Times New Roman 14-point. According to the word processing system used to prepare it, the brief contains 748 words, excluding the case caption, tables, and signature block.

Dated: June 19, 2020  /s/ *Michael J. Flynn*
Michael J. Flynn (#5333)

## **AVERMENT OF COUNSEL PURSUANT TO D. DEL. LR 7.1.1**

Counsel for Plaintiff Koki Holdings Co., Inc. and counsel for Defendant Kyocera Senco Industrial Tools, Inc., including Delaware counsel for the parties, conferred by teleconference on June 19, 2020, and through related correspondence regarding the subject of the foregoing motion and counsel for Kyocera stated that it does not oppose the request for claim construction.

*/s/ Michael J. Flynn*

Michael J. Flynn (#5333)

## CERTIFICATE OF SERVICE

I hereby certify that on June 19, 2020, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on June 19, 2020, upon the following in the manner indicated:

| | |
|---|---|
| Kelly E. Farnan, Esquire<br>RICHARDS, LAYTON & FINGER, P.A.<br>One Rodney Square<br>920 North King Street<br>Wilmington, DE  19801<br>*Attorneys for Defendant Kyocera Senco Industrial Tools, Inc.* | *VIA ELECTRONIC MAIL* |
| Robert S. Rigg, Esquire<br>David Bernard, Esquire<br>John K. Burke, Esquire<br>VEDDER PRICE P.C.<br>222 North LaSalle Street<br>Chicago, IL  60601<br>*Attorneys for Defendant Kyocera Senco Industrial Tools, Inc.* | *VIA ELECTRONIC MAIL* |

*/s/ Michael J. Flynn*

Michael J. Flynn (#5333)