# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KOKI HOLDINGS CO., LTD., | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 18-313 (CFC) |
| | ) | |
| v. | ) | |
| | ) | |
| KYOCERA SENCO INDUSTRIAL | ) | |
| TOOLS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S OPENING BRIEF IN SUPPORT OF
## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OF
## <u>INVALIDITY AND NO INFRINGEMENT OF U.S. PATENT NO. 8,118,204</u>

<br>

OF COUNSEL:

Robert S. Rigg
David Bernard
John K. Burke
Vedder Price P.C.
222 North LaSalle Street
Chicago, IL  60601
(312) 609-7500

Dated:  June 19, 2020

Kelly E. Farnan (#4395)
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
302-651-7700
farnan@rlf.com

*Attorneys for Defendant Kyocera Senco*
*Industrial Tools, Inc.*

## **TABLE OF CONTENTS**

I.    INTRODUCTION ...................................................................................1

II.   SUMMARY OF ARGUMENT................................................................2

III.  STATEMENT OF FACTS ......................................................................3

    A.   The '204 Patent ............................................................................3

        (i)    The Asserted Claims Recite Four Distinct Components ...........3

        (ii)   The "Battery Pack Supporting Portion" Described in the
               Specification Includes a Widened Structure Designed to
               Support the Battery Pack ............................................................5

        (iii)  Koki Confirmed During Prosecution of the '204 Patent
               That the "Battery Pack Supporting Portion" Includes the
               Widened Structure Designed to Support the Battery Pack ........7

    B.   The F-15 Includes a Widened Structure to Support the Battery
         Pack .............................................................................................10

IV.   SUMMARY JUDGMENT OF INVALIDITY FOR LACK OF
      WRITTEN DESCRIPTION OF "THE BATTERY PACK
      HAVING AN EXTENDING PORTION EXTENDING FROM
      THE HOUSING" IS APPROPRIATE ....................................................13

    A.   The '204 Patent Fails to Describe a "Battery Pack Having an
         Extending Portion Extending from the Housing" .............................13

    B.   Koki's Arguments Concerning Written Description are Contrary
         to the Intrinsic Record ....................................................................15

V.    SUMMARY JUDGMENT OF NO INFRINGEMENT IS
      APPROPRIATE WHERE KOKI FAILED TO DEMONSTRATE
      THE F-15 HAS A "BATTERY PACK HAVING AN EXTENDING
      PORTION EXTENDING FROM THE HOUSING." ...........................20

    A.   There is No Genuine Dispute that the Entire Widened Structure
         at the Base of the F-15's Handle is a "Battery Pack Supporting
         Portion"........................................................................................20

    B.   Koki's Arguments Concerning Infringement are Contrary to the
         Intrinsic Record and Should be Disregarded ...................................23

VI.   CONCLUSION .........................................................................................24

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ariad Pharmaceuticals, Inc. v. Eli Lilly and Co.*,
  *598 F.3d 1336* (Fed. Cir. 2010) ..........................................................................13

*Atl. Res. Marketing Sys., Inc. v. Troy*,
  659 F. 3d 1345 (Fed. Cir. 2011) ...................................................................15, 20

*Key Pharm. v. Hercon Labs. Corp*.,
  161 F.3d 709 (Fed. Cir. 1998) ..........................................................................16

*Phillips v. AWH Corp.*,
  415 F.3d 1303 (Fed. Cir. 2005) (en banc) ..................................................17, 19

*Teleflex, Inc. v. Ficosa North Am. Corp.*,
  299 F.3d 1313 (Fed. Cir. 2002) ........................................................................16

*Univ. of Rochester v. G.D. Searle & Co.*,
  358 F.3d 916 (Fed. Cir. 2004) ..........................................................................13

*Wi-Lan, Inc. v. Apple, Inc.*,
  811 F.3d 455 (Fed. Cir. 2016) ..........................................................................19

**Statutes**

35 U.S.C. § 112, ¶ 1 .............................................................................................1

**Other Authorities**

37 C.F.R. § 1.84(q) .........................................................................................5, 19

ii

**TABLE OF EXHIBITS**

| Exhibit[1] | Description of Document | Abbreviation |
|---|---|---|
| 2 | U.S. Patent No. 8,118,204, bearing bates numbers KHD000730-738 | '204 Patent |
| 4 | Excerpts from Prosecution History of U.S. Application No. 12/088,524, which eventually issued as U.S. Patent No. 8,118,204 | '204 Prosecution History |
| 5 | Excerpts from Initial Expert Report of Keven Miller Regarding Invalidity, dated February 28, 2020 | Miller Initial |
| 6 | Excerpts from Rebuttal Expert Report of Keven Miller Regarding Non-Infringement, dated March 27, 2020 | Miller Rebuttal |
| 8 | Transcript Excerpts from Deposition of Keven Miller, taken June 5, 2020 | Miller Tr. |
| 9 | Excerpts from Opening Expert Report of Glenn Vallee, Ph.D., dated February 28, 2020 | Vallee Opening |
| 10 | Excerpts from Rebuttal Expert Report of Glenn Vallee, Ph.D., dated March 27, 2020 | Vallee Rebuttal |
| 11 | Excerpts from Reply Expert Report of Glenn Vallee, Ph.D., dated April 24, 2020 | Vallee Reply |
| 12 | Transcript Excerpts from Deposition of Glenn Vallee, Ph.D., taken June 3, 2020 | Vallee Tr. |
| 13 | Transcript Excerpts from Markman Hearing, dated October 2, 2019 | Markman Tr. |

---

[1] Exhibits attached to the Rigg Declaration are referred to as "Ex. __."

## I.     INTRODUCTION

Koki alleges that Defendant's Fusion F-15 Nailer (the "F-15") infringes asserted claims 12, 13, and 15 of U.S. Patent No. 8,118,204 (the "'204 Patent"). Based on the Court's construction of the recited "a handle portion extending from the housing" as "a handle portion extending from a separate and distinct housing" (D.I. 53 at 2), the asserted claims are both not infringed by the F-15 and invalid for failing to satisfy the written description requirement under 35 U.S.C. § 112, ¶ 1. Although this has been clear since the Court's claim construction order issued in October 2019, Koki and its expert have now put forth a new infringement theory that is clearly contrary to the asserted claims, the intrinsic record, and even the same expert's prior opinion as to why there is a sufficient written description of the asserted claims.

Regardless, Koki's efforts on both fronts fail. *First*, the asserted claims are invalid for lack of sufficient written description of the claim limitation "the battery pack having an extending portion extending from the housing" in combination with other elements of the asserted claims. *Second*, no reasonable juror would conclude that the F-15 infringes the asserted claims because the F-15 lacks a "battery pack having an extending portion extending from the housing."

## II.     SUMMARY OF ARGUMENT

Claims 12, 13, and 15 of the '204 Patent are invalid for lack of written description.  Specifically, the '204 Patent does not disclose a fastener driving tool that has *both* a "battery pack supporting portion" *and* a "battery pack extending from the housing" as required by the asserted claims.  Rather, the '204 Patent describes a simple T-shaped fastener driving tool with a battery pack that extends entirely from a battery pack supporting portion, which is separate and distinct from the tool's "housing."   Accordingly, the '204 Patent fails to meet the written description requirement.

Even if the asserted claims were valid, the F-15 does not infringe the asserted claims as a matter of law.

The Court's Claim Construction Order provides that the "housing," "handle portion," and "battery pack supporting portion" limitations found in each of the asserted claims must be separate and distinct components.  The intrinsic record of the '204 Patent describes the "battery pack supporting portion" as having **both** exterior and interior components that work together to support a removable battery pack.  Based on the Court's claim constructions and the intrinsic evidence, the "battery pack supporting portion" on the F-15 is the entire widened structure at the base of the handle because this entire structure supports the battery pack.  Koki's

infringement argument impermissibly relies upon expert testimony that contradicts the intrinsic evidence.

Once the "battery pack supporting portion" is correctly identified, the F-15 cannot infringe the asserted claims because it lacks a "battery pack having an extending portion ***extending from the housing***."

## III.   STATEMENT OF FACTS

### A.   The '204 Patent

#### (i)    *The Asserted Claims Recite Four Distinct Components*

The '204 Patent describes a cordless nailer with an angled magazine and compact design. (Ex. 2, '204 Patent, 1:47-63).   Asserted claim 12, which is representative of the asserted claims, is reproduced below.

> A portable fastening tool comprising:
> ***a housing***;
> ***a handle portion extending from the housing*** in a handle extending direction;
> ***a battery pack supporting portion connected to the handle portion***;
> a motor housed in the housing;
> ***a battery pack supported by the battery pack supporting portion, the battery pack having an extending portion extending from the housing***;
> an ejection unit disposed at a lower end of the housing and configured to guide a nail in an ejecting direction; and
> a magazine connected to the ejection unit;
> wherein the magazine is inclined with respect to the ejecting direction in a side view, the side view being perpendicular to the handle extending direction and the ejecting direction,
> wherein the magazine is inclined with respect to the handle portion in a bottom view,

3

wherein, in the side view when the ejection unit is placed downwardly, a part of the extending portion being positioned below the handle portion and overlapping with the magazine,

wherein, in the side view when the ejection unit is placed downwardly, an upper end of the battery pack is positioned lower than an upper end of the housing, and

wherein, in the side view when the ejection unit is placed downwardly, the motor is positioned lower than the handle portion.

(Ex. 2, '204 Patent, 7:57-8:21) (emphasis added).[2]  The asserted claims each require:

(1) a housing; (2) a handle portion extending from the housing in a handle extending direction; (3) a battery pack supporting portion connected to the handle portion; and (4) a battery pack supported by the battery pack supporting portion, the battery pack having an extending portion extending from the housing.  (*Id.*, 7:58-62).

The Court construed "a handle portion extending from the housing in a handle extending direction" as "a handle portion extending from a separate and distinct housing."  (D.I. 53 at 2).  Counsel for Koki admitted during the *Markman* hearing that the "battery pack supporting portion is not part of the housing."  (Ex. 13, Markman Tr., 71:25-72:3).  Thus, as construed, the claims require four separate components:  (1) a housing; (2) a handle portion; (3) a battery pack supporting portion; and (4) a battery pack.  (Ex. 6, Miller Reply, ¶¶50-52; Ex. 10, Vallee Rebuttal, ¶¶129-130).

---

[2] All emphasis herein is added unless otherwise noted.

(ii)    *The "Battery Pack Supporting Portion" Described in the Specification Includes a Widened Structure Designed to Support the Battery Pack*

The specification of the '204 Patent describes a single embodiment as being shown in Figures 1-4 that is "generally in the shape of letter T, as viewed in a side view." (*See* '204 Patent, 3:33-35: *see also id.*, 3:15-22; Ex. 5, Miller Opening, ¶186; Ex. 12, Vallee Tr., 55:2-11).   Figures 1-2 show the exterior of the nailer while Figure 3 shows the interior of the nailer.   (*See* '204 Patent, 3:15-22; *see also* Ex. 12, Vallee Tr., 55:14-22).   Figures 1 and 2, annotated below, identify exterior portions of several relevant components of the nailer by reference number with lead lines[3] pointing to each referenced component.   In particular, battery pack supporting portion 2C is highlighted in yellow and battery pack 3 is highlighted in green.   (Ex. 6, Miller Rebuttal, ¶¶57-58 (identifying battery pack supporting portion 2C as shown below); *see also* Ex. 10, Vallee Rebuttal, ¶129 (identifying battery pack 3 as shown below)).

---

[3] "Lead lines are those lines between the reference characters and the details referred to. . . .   They must originate in the immediate proximity of the reference character and extend to the feature indicated."   37 C.F.R. § 1.84(q).



**'204 Patent, Figures 1 and 2 (Annotated)**

The '204 Patent only briefly describes the battery pack supporting portion 2C,

explaining that the battery pack 3 is "attached to the end of handle portion 2B

through a battery pack supporting portion 2C." (Ex. 2, '204 Patent, 3:38-40). Based

on this description, "[t]he purpose of the [battery pack] supporting portion is to

support the battery" and "keep it in its position" when attached to the tool. (Ex. 12,

Vallee Tr., 62:21-22, 64:4; *see also* Ex. 6, Miller Rebuttal, ¶57).  Figures 1 and 2

above show the exterior portion of the battery pack supporting portion while Figure

6

3 shows its interior portion (highlighted below).  (Ex. 2, '204 Patent, 3:18-19 ("FIG. 3 is a broken righthand side elevation showing the internal constitution of the same electric fastening tool.")).



**'204 Patent, Figure 3 (Annotated)**

> (iii) *Koki Confirmed During Prosecution of the '204 Patent That the "Battery Pack Supporting Portion" Includes the Widened Structure Designed to Support the Battery Pack*

The term "battery pack supporting portion" was not included in the application as filed.  Instead, Koki amended the written description and figures during prosecution to identify a "battery pack supporting portion 2C."  (*See* Ex. 4, '204 Prosecution History, KHD001088-90).  Koki was forced to enter these

7

amendments because the Examiner found the claim term "a battery pack supporting portion provided on an end of the handle portion" lacked support in the original disclosure.  (*See id*., KHD001081-82).

In responding to and ultimately overcoming the Examiner's written description rejection, Koki relied heavily on the newly added reference numbers 2C in Figures 1 through 3 which Koki contended identified the "battery pack supporting portion."  (*See id*., KHD001090-93).   Based on these newly added reference numbers, Koki asserted that "the originally filed disclosure, in particular, FIGS. 1-3, clearly support the feature . . . '*a battery pack supporting portion connected to the handle portion*.'"  (*Id*., KHD001090; *see also id*. ("FIGS. 1-3 clearly disclose that a battery pack supporting portion is provided between the battery pack 3 and the handle portion 2B"); *id*., KHD001093 ("Further, as illustrated above, the configuration of the battery pack supporting portion 2C is clear in light of the drawings.  As such, Applicants submit that the limitation of 'battery pack supporting portion' is clear and definite.")).

Koki even provided the Patent Office with the annotated version of Figure 3 shown below identifying the portions of the "battery pack supporting portion" visible in Figure 3.  (*Id*., KHD001091-92 ("[T]he shaded area of the annotated FIG. 3 corresponds to the battery pack supporting portion 2C."); *see also* Ex. 12, Vallee Tr.,

71:22-72:7).  The area shaded by Koki was further highlighted in yellow here for clarity.



**Ex. 4, '204 Prosecution History, KHD001092 (Annotated in Yellow)**

Based on Koki's identification of the "battery pack supporting portion" in Figures 1-3, the Examiner ultimately withdrew the written description rejection against the "battery pack supporting portion" claim term.  (*See* Ex. 4, '204 Prosecution History, KHD001104).

### B. The F-15 Includes a Widened Structure to Support the Battery Pack

In contrast to the "T" shaped profile of the embodiment of the '204 Patent, the F-15 has an "O" shaped, or looped, profile as shown below. (Ex. 5, Miller Opening, ¶187).



**Ex. 6, Miller Rebuttal, ¶60**

The F-15 has a removable battery pack designed to mate with the tool's widened base. (Ex. 6, Miller Rebuttal, ¶62). This widened structure connects to the battery pack at multiple points to holding it securely in place. (*Id.*, ¶63). Just as the battery pack on the F-15 has a larger profile than the handle, the F-15's widened structure has a correspondingly wider profile designed to mate with the battery pack, as shown below. (*Id.*).

10



widened base designed to mate
flush with the battery pack

battery pack

**Ex. 6, Miller Rebuttal, ¶63**

Elongated grooves extend along the length of the battery pack supporting portion and mate with tongues on the battery pack, thereby creating a sliding tongue and groove connection. (*Id.*, ¶ 64 ("[E]longated grooves extend along the length of the battery pack supporting portion that mate with tongues on the battery pack making for a sliding tongue and groove connection, thereby serving as an attachment portion."); Ex. 12, Vallee Tr., 42:12-14 ("The grooves that are indicated in Mr. Miller's figure are a means to prevent [the battery pack] from falling backwards."); Ex. 11, Vallee Reply, ¶57 ("[T]he battery pack extending portion is connected directly to the housing via the grooves identified by Mr. Miller in ¶ 64 of his report.")). Thus, these grooves support the battery.

11



**Ex. 6, Miller Rebuttal, ¶64.**

Finally, an electrical connector within this widened structure is designed to mate with a corresponding electrical connector on the battery pack. (*See* Ex. 12, Vallee Tr., 38:12-39:7; Ex. 8, Miller Tr., 182:3-9).

This widened structure at the base of the handle is unique to battery powered tools. (Ex. 6, Miller Rebuttal, ¶60). For example, the pneumatically powered nailer shown below on the left (which does not require a battery to operate) lacks this structure. (Ex. 6, Miller Rebuttal, ¶¶60-61; Ex. 11, Vallee Reply, ¶62 (disagreeing with the relevance, but not the substance, of Mr. Miller's opinion)).






**Ex. 6, Miller Rebuttal, ¶60**

## IV. SUMMARY JUDGMENT OF INVALIDITY FOR LACK OF WRITTEN DESCRIPTION OF "THE BATTERY PACK HAVING AN EXTENDING PORTION EXTENDING FROM THE HOUSING" IS APPROPRIATE

### A. The '204 Patent Fails to Describe a "Battery Pack Having an Extending Portion Extending from the Housing"

The asserted claims fail to meet the written description requirement because the '204 Patent fails to provide sufficient information in its original disclosure to show that the inventor possessed the invention at the time of the original filing. *See Ariad*, 598 F.3d at 1341; *Univ. of Rochester v. G.D. Searle & Co*., 358 F.3d 916, 927-28 (Fed. Cir. 2004).

As explained above, it is undisputed that the asserted claims require the following four distinct components:   (1) "*a housing*," (2) "*a handle portion* extending from the housing," (3) "*a battery pack supporting portion* connected to

13

the handle portion," and (4) "*a battery pack* supported by the battery pack supporting portion, the battery pack *having an extending portion extending from the housing*." *See supra* Section III.A(i).  The '204 Patent fails to provide any description of a fastener driving tool that has a *battery pack* with an "extending portion" that "*extend[s] from the housing*."

The '204 Patent purports to have invented a specific and novel arrangement of these four components (in addition to a magazine that holds fasteners) that allows the tool to be "compact" and "easily used in a narrow place."  ('204 Patent, 1:58-63).  As shown in the annotated figure below, "[a] portable fastening tool of this kind is constituted by," *inter alia*, a "T-shape" design.  (*Id*., 1:18-20; *see also* Ex. 6, Miller Rebuttal, ¶¶57-58 (identifying battery pack supporting portion 2C as shown below); Ex. 10, Vallee Rebuttal, ¶129 (identifying battery pack 3 as shown below)).



14



**'204 Patent, Figures 1-3 (Annotated)**

These figures depict the <u>*only*</u> embodiment described in the specification, and, as explained above, the intrinsic record of the '204 Patent clearly identifies the ***entire*** area highlighted in yellow (including both internal and external components) as the battery pack supporting portion 2C.  *See supra* Sections III.A(ii)-(iii).

Importantly, this embodiment depicts the battery pack extending portion stretching ***from the battery pack supporting portion*** and not the ***housing***.  (*Id*. at Figs. 1-2).  Thus, there is no written description of a tool that has a "battery pack having an extending portion ***extending from the housing***" as required by the asserted claims.  *Atl. Res. Marketing Sys., Inc. v. Troy*, 659 F. 3d 1345, 1353 (Fed. Cir. 2011) (assertion of insufficient written description is "amenable to summary judgment in cases where no reasonable fact finder could return a verdict for the non-moving party") (internal quotation marks and citation omitted).

## B.   Koki's Arguments Concerning Written Description are Contrary to the Intrinsic Record

In an attempt to save these claims, Koki offers expert testimony that directly contradicts the intrinsic record of the '204 Patent.  The intrinsic record, including

15

"the written description, the drawings, and the prosecution history" is "the most significant source of the legally operative meaning of a disputed claim term." *See Teleflex, Inc. v. Ficosa North Am. Corp.*, 299 F.3d 1313, 1324-25 (Fed. Cir. 2002). In contrast, expert testimony is extrinsic evidence and cannot be used to contradict the intrinsic record. *Key Pharm. v. Hercon Labs. Corp.*, 161 F.3d 709, 716 (Fed. Cir. 1998) ("[I]f the meaning of a disputed claim term is clear from the intrinsic evidence – the written record – that meaning, and no other, must prevail; it cannot be altered or superseded by witness testimony or other external sources simply because one of the parties wishes it were otherwise.").

Despite these clear restrictions, Koki's expert Dr. Vallee colors the images below in a manner that is directly contrary to the intrinsic record.[4]  Without support, Dr. Vallee asserts that two separate and remotely located portions of the device are the "housing" (shown in green), with these two portions separated by a "handle portion" (shown in blue) which itself contains a "battery pack supporting portion" (shown in yellow).  (Ex. 10, Vallee Rebuttal, ¶¶129-130).

---

[4] Dr. Vallee was also forced to conform to the claim language, which requires that the housing, handle portion, battery pack supporting portion, and battery pack be separate and distinct components.  *See supra* Section III.A(i).



**Ex. 10, Vallee Rebuttal, ¶129**

With this interpretation, Dr. Vallee points to the narrow sliver highlighted in green at the bottom of the above image as being the part of the "housing" from which the battery pack extends.  (*Id.*).  But the specification and prosecution history clearly explain that this green sliver is part of ***the battery pack supporting portion 2C***, not the housing.  *See supra* Sections III.A(ii)-(iii).  Further, nothing in the '204 Patent or its prosecution history suggests that the housing comprises two separately located portions.

Dr. Vallee's interpretation directly contradicts Koki's own identification of the "battery pack supporting portion" during prosecution of the '204 Patent.  *Phillips v. AWH Corp.*, 415 F.3d 1303, 1317 (Fed. Cir. 2005) (en banc) ("[T]he prosecution history can often inform the meaning of the claim language by demonstrating how the inventor understood the invention and whether the inventor limited the invention in the course of prosecution, making the claim scope narrower than it would otherwise be.").  As explained above, Koki submitted an annotated version of Figure

17

3 (shown below on the right) that identified the battery pack supporting portion 2C with diagonal hatching (highlighted in yellow for clarity here). *See supra* Section III.A(iii); *see also* Ex. 4, '204 Prosecution History, KHD001091-92 ("[T]he shaded area of the annotated FIG. 3 corresponds to the battery pack supporting portion 2C."). Dr. Vallee's inconsistent identification of the "battery pack supporting portion 2C is shown in the image on the left.



**Ex. 10, Vallee Rebuttal, ¶129 (Left)**
**Ex. 4, '204 Prosecution History, KHD001092 (Right)**

The green sliver on the left side of the image that Dr. Vallee asserts is part of the "housing" as well as part of the blue "handle portion" on the left side of the image were identified by Koki during prosecution as being part of the "battery pack supporting portion." Even Dr. Vallee admits that Koki identified the battery pack supporting portion during prosecution consistent with the image shown on the right above. (Ex. 12, Vallee Tr., 71:6-72:7). Dr. Vallee's opinion, by his own admission,

contradicts the intrinsic record of the '204 Patent and should be disregarded as a matter of law. *Wi-Lan, Inc. v. Apple, Inc.*, 811 F.3d 455, 462 (Fed. Cir. 2016) ("Extrinsic evidence may not be used 'to contradict claim meaning that is unambiguous in light of the intrinsic evidence.'") (quoting *Phillips*, 415 F.3d at 1324).

Dr. Vallee's opinion regarding the "battery pack supporting portion" also contradicts the specification. Dr. Vallee agrees that Figures 1 and 2, which label the battery pack supporting portion "2C", show the "exterior" of the nailer "[a]s opposed to any internal components." (*See* Ex. 12, Vallee Tr., 55:1-19). Despite this, Dr. Vallee asserts, without evidence, that the reference number "2C" in Figure 1 simply points to the "general location" of the interior battery pack supporting portion. (*Id.*, 59:14-15). This is wrong as a matter of law: lead lines "must . . . extend to the feature indicated" (37 C.F.R. § 1.84(q)), *not* to a "general location" of a feature. Since Figures 1 and 2 indisputably depict only the exterior of the fastener driving tool , reference number 2C "must . . . extend" to an exterior feature of the tool. (Ex. 6, Miller Rebuttal, ¶¶57-58). Thus, the battery pack supporting portion must include an exterior component. Here again, Dr. Vallee's opinion directly contradicts the intrinsic record and should be disregarded. *Wi-Lan*, 811 F.3d at 462.

Koki has failed to provide any evidence of the '204 Patent having sufficient written description for the claim term "the battery pack having a battery pack

extending portion extending from the housing," and thus summary judgment is appropriate here because "no reasonable fact finder could return a verdict for the non-moving party." *Troy*, 659 F. 3d at 1353 (internal quotation marks and citation omitted).

## V.    SUMMARY JUDGMENT OF NO INFRINGEMENT IS APPROPRIATE WHERE KOKI FAILED TO DEMONSTRATE THE F-15 HAS A "BATTERY PACK HAVING AN EXTENDING PORTION EXTENDING FROM THE HOUSING."

### A.    There is No Genuine Dispute that the Entire Widened Structure at the Base of the F-15's Handle is a "Battery Pack Supporting Portion"

As explained above (*see supra* Section III.B), the F-15 includes a widened structure at the base of the handle (highlighted below in green).  (Ex. 6, Miller Rebuttal, ¶63).  There is no reasonable dispute that this entire widened structure corresponds to the claimed "battery pack supporting portion," as the entire widened structure functions to support the battery pack.  (*Id.*).



**Ex. 6, Miller Rebuttal, ¶62**

20

The "battery pack supporting portion" in the only embodiment of the '204 Patent also includes a widened structure at the base of the handle, as shown in the annotated images below.[5]   As explained above, this entire widened structure is identified as being the battery pack supporting portion because it supports the battery.  *See also supra* Section III.B.



**Ex. 6, Miller Rebuttal, ¶57**

The similarities between the widened structure on the F-15 and the battery pack supporting portion 2C are apparent in the two images below.  On the left, the widened structure on the F-15 is highlighted in green while the on the right, the battery pack supporting portion 2C is highlighted in yellow.

---

[5] As explained above in Section IV.B, while Koki disagrees with this identification of the "battery pack supporting portion 2C," Koki's position is unquestionably contrary the clear intrinsic record and should be disregarded.



*FIG. 3*

**Ex. 6, Miller Rebuttal, ¶65 (Left)**
**Ex. 4, '204 Prosecution History, KHD001092 (Right) (Annotated)**

Thus, the entire widened structure clearly corresponds to the claimed "battery pack supporting portion" while the portion highlighted in yellow in the image on the left above corresponds to the claimed "handle portion."  (Ex. 6, Miller Rebuttal, ¶65).  Most importantly, it is undisputed that the function of the grooves on the widened portion of the F-15 is to support the battery pack.  *See id.*, ¶64; Ex. 12, Vallee Tr., 42:12-14 ("The grooves that are indicated in Mr. Miller's figure are a means to prevent [the battery pack] from falling backwards."); Ex. 11, Vallee Reply, ¶57 ("[T]he battery pack extending portion is connected directly to the housing via the grooves identified by Mr. Miller in ¶ 64 of his report.")).  As the experts agree that the grooves prevent that battery pack from falling out—i.e. they support the battery pack—by definition, the grooves must be part of the battery pack supporting portion.

Because the battery pack supporting portion on the F-15 separates the battery pack and the handle portion, the F-15 lacks a "battery pack having an extending portion extending *from the housing*" as required by each of the asserted claims. (Ex. 6, Miller Rebuttal, ¶66). Instead, the battery pack extends entirely from the battery pack supporting portion, *not* the housing.  Thus, the F-15 does not infringe the asserted claims.

**B.    Koki's Arguments Concerning Infringement are Contrary to the Intrinsic Record and Should be Disregarded**

As with its attempt to preserve the validity of the '204 Patent, Koki and its expert present arguments regarding infringement that are directly contrary to the clear intrinsic record of the '204 Patent.  As shown below, Dr. Vallee carves up the F-15 as he sees fit, identifying the "housing" in blue, the "handle portion" in yellow, and the "battery pack supporting portion" in red.



**Ex. 9, Vallee Opening, ¶79**

23

Dr. Vallee misidentifies portions of the battery pack supporting portion (the entire widened structure at the bottom of the image) as being ***both*** the handle portion and the housing in an attempt to find infringement.  Dr. Vallee labeled the grooves on the widened structure as part of the "housing" while conceding that the function of these grooves is to support the battery pack and thus the grooves are necessarily part of the "battery pack supporting portion."  *See supra* Section III.B.

There is no *genuine* issue of material fact that the F-15 does not infringe the asserted claims.

## VI.    CONCLUSION

For the foregoing reasons, the Court should grant Defendant's motion for summary judgment of invalidity and no infringement as to all asserted claims of the '204 Patent.

<table>
<tr><td></td><td>/s/ Kelly E. Farnan</td></tr>
<tr><td></td><td>Kelly E. Farnan (#4395)</td></tr>
<tr><td>OF COUNSEL:</td><td>Richards, Layton & Finger, P.A.</td></tr>
<tr><td></td><td>One Rodney Square</td></tr>
<tr><td>Robert S. Rigg</td><td>920 North King Street</td></tr>
<tr><td>David Bernard</td><td>Wilmington, DE 19801</td></tr>
<tr><td>John K. Burke</td><td>302-651-7700</td></tr>
<tr><td>Vedder Price P.C.</td><td>farnan@rlf.com</td></tr>
<tr><td>222 North LaSalle Street</td><td></td></tr>
<tr><td>Chicago, Illinois 60601</td><td>*Attorneys for Defendant Kyocera Senco*</td></tr>
<tr><td>312-609-7500</td><td>*Industrial Tools, Inc.*</td></tr>
</table>

Dated:  June 19, 2020

## <u>CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION</u>

The foregoing DEFENDANT'S OPENING BRIEF IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OF INVALIDITY AND NO INFRINGEMENT OF U.S. PATENT NO. 8,118,204 complies with the type-volume limitations of Paragraph 12(b) of the Scheduling Order (D.I. 14). The text of this brief, including footnotes, was prepared in Times New Roman 14-point. According to the word processing system used to prepare it, this brief contains 3,971 words, excluding the case caption, tables, and signature block.  Defendant's three briefs for summary judgment are a combined 9,725 words, excluding the case captions, tables, and signature blocks.


*/s/ Kelly E. Farnan*
Kelly E. Farnan (#4395)
Dated:  June 19, 2020                              farnan@rlf.com