IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KOKI HOLDINGS CO., LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | C.A. No. 18-313 (CFC) |
| v. | ) | |
| | ) | |
| KYOCERA SENCO INDUSTRIAL | ) | |
| TOOLS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S ANSWERING BRIEF IN OPPOSITION
TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
OF INVALIDITY OF U.S. PATENT NO. 7,156,012**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Karen Jacobs (#2881)
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
kjacobs@mnat.com
mflynn@mnat.com

*Attorneys for Plaintiff
Koki Holdings Co., Ltd.*

OF COUNSEL:

Paul Devinsky
Stephen J. Smith
MCDERMOTT WILL & EMERY LLP
The McDermott Building
500 North Capitol Street, N.W.
Washington, DC  20001
(202) 756-8000

Amol A. Parikh
Thomas DaMario
MCDERMOTT WILL & EMERY LLP
444 West Lake Street
Chicago, IL  60606
(312) 372-2000

July 10, 2020

# TABLE OF CONTENTS

I.      NATURE AND STAGE OF THE PROCEEDINGS.....................................1

II.     SUMMARY OF ARGUMENT.......................................................1

III.    LEGAL STANDARD .................................................................1

IV.     ARGUMENT.............................................................................3

        A.      The Phrase "A Trigger Valve Exterior Frame to Which
        the Main Valve Control Channel is Fluidly Connected" Is
        Definite and Understandable ...........................................................3

        B.      Kyocera's Identification of Additional Channels and
        Chambers Is Not Relevant to the Question of Definiteness............................8

V.      CONCLUSION.........................................................................10

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Alarm.com, Inc. v. SecureNet Techs. LLC,*
   345 F. Supp. 3d 544 (D. Del. 2018) ....................................................................8

*Anderson v. Liberty Lobby, Inc.,*
   477 U.S. 242 (1986) ...........................................................................................2

*BASF Corp. v. Johnson Matthey Inc.,*
   875 F.3d 1360 (Fed. Cir. 2017) ..........................................................................8

*BJ Servs. Co. v. Halliburton Energy Services, Inc.,*
   338 F.3d 1368 (Fed. Cir. 2003) ......................................................................3, 7

*Bombardier Recreational Prods. Inc. v. Arctic Cat Inc.,*
   785 Fed. App'x 858 (Fed. Cir. 2019) ..................................................................3

*Dow Chem. Co. v. NOVA Chems. Corp. (Canada),*
   629 F. Supp. 2d 397 (D. Del. 2009) ....................................................................7

*Eastman Kodak Co. v. Image Technical Servs. Inc.,*
   504 U.S. 451 (1992) ...........................................................................................2

*Edios Display, LLC v. AU Optronics Corp.,*
   779 F.3d 1360 (Fed. Cir. 2015) ..........................................................................5

*Eli Lilly and Co. v. Barr Labs., Inc.,*
   251 F.3d 955 (Fed. Cir. 2001) ............................................................................2

*Exmark Mfg. Co. Inc. v. Briggs & Stratton Power Prods. Group, LLC,*
   879 F.3d 1332 (Fed. Cir. 2018) ..........................................................................5

*Masimo Corp. v. Philips Elecs. N. Am. Corp.,*
   C.A. No. 09–80–LPS, 2015 WL 7737308 (D. Del. Dec. 1, 2015) ........................7

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,*
   475 U.S. 574 (1986) ...........................................................................................2

*Mentor Graphics Corp. v. EVE-USA, Inc.*,
    851 F.3d 1275 (Fed. Cir. 2017) ................................................................5

*Nautilus, Inc. v. Biosig Instruments, Inc.*,
    572 U.S. 898 (2014) ..............................................................................2, 3

*Pac. Biosciences of Cal., Inc. v. Oxford Nanopore Techs., Inc.*,
    C.A. No. 17-275-LPS, D.I. 447 (D. Del. Feb. 21, 2020) ...........................7

*Terlep v. Brinkmann Corp.*,
    418 F.3d 1379 (Fed. Cir. 2005) ................................................................3

*Viva Healthcare Packaging USA Inc. v. CTL Packaging USA Inc.*,
    197 F. Supp. 3d 837 (W.D.N.C. 2016)......................................................7

**Statutes**

35 U.S.C. § 282 ............................................................................................2, 3

**Rules**

Fed. R. Civ. P. 56 ............................................................................................1

## I.    NATURE AND STAGE OF THE PROCEEDINGS

Koki submits this brief in opposition to Kyocera's motion for summary judgment of invalidity of claims 2-4 of U.S. Patent No. 7,156,012 ("the '012 patent") (D.I. 142.)

## II.    SUMMARY OF ARGUMENT

In seeking summary judgment of indefiniteness, Kyocera ignores the plain and unambiguous language of claim 2 and the written description. The claim term at issue requires "a trigger valve exterior frame to which the main valve control channel is fluidly connected." That is exactly what is shown in the written description of the '012 patent. FIG. 2 illustrates a trigger valve exterior frame, a main valve control channel, and specific locations where the trigger valve exterior frame is fluidly connected to the main valve control channel. As explained by Koki's expert, Dr. Vallee, the claim term, when viewed in light of the written description, informs skilled artisans about the scope of the invention with reasonable certainty. At a minimum, there are factual issues that preclude summary judgment.

## III.    LEGAL STANDARD

Summary judgment is proper only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. The party seeking

summary judgment bears the burden of proving that no genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 n.1 (1986). The non-moving party must be afforded all justifiable inferences, and disputed issues of fact must be presumed in its favor. *Eastman Kodak Co. v. Image Technical Servs. Inc.*, 504 U.S. 451, 456 (1992). Thus, summary judgment is appropriate only where there is no genuine issue as to any material fact and, when drawing all factual inferences in favor of the non-movant, no "reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

A patent enjoys a presumption of validity, *see* 35 U.S.C. § 282, which can be overcome only through clear and convincing evidence. *Eli Lilly and Co. v. Barr Labs., Inc.*, 251 F.3d 955, 962 (Fed. Cir. 2001). "Thus, a moving party seeking to invalidate a patent at summary judgment must submit such clear and convincing evidence of invalidity so that no reasonable jury could find otherwise." *Id.*

The Supreme Court has held that "a patent must be precise enough to afford clear notice of what is claimed, thereby 'appris[ing] the public of what is still open to them.'" *Nautilus, Inc. v. Biosig Instruments, Inc.*, 572 U.S. 898, 909 (2014) (alteration in original, quotation omitted). To establish indefiniteness, Kyocera must prove by clear and convincing evidence that the claims, when "viewed in light of the specification and prosecution history, [fail to] inform those skilled in

the art about the scope of the invention with reasonable certainty." *Id.* at 910; 35 U.S.C. § 282. Indefiniteness "is amenable to resolution by the jury where the issues are factual in nature." *BJ Servs. Co. v. Halliburton Energy Services, Inc.*, 338 F.3d 1368, 1372 (Fed. Cir. 2003); *see also Bombardier Recreational Prods. Inc. v. Arctic Cat Inc.*, 785 Fed. App'x 858, 867 (Fed. Cir. 2019) ("The evidence presented on these topics was almost exclusively extrinsic, in large part encompassing warring expert testimony. The question of definiteness thus required the resolution of critical factual issues and was properly before the jury.")

## IV. ARGUMENT

### A. The Phrase "A Trigger Valve Exterior Frame to Which the Main Valve Control Channel is Fluidly Connected" Is Definite and Understandable

Kyocera asserts that the limitation "a trigger valve exterior frame to which the main valve control channel is fluidly connected" is indefinite because "a channel cannot be fluidly connected to a frame." (D.I. 143 ("'012 Op. Br.") at 7.) Kyocera's argument, however, ignores the plain and unambiguous language of the claim and written description, and instead requires taking claim language, which is by its nature a terse recitation rather than a fully elaborated description, to a needless and almost absurd level of abstraction. *See Terlep v. Brinkmann Corp.*, 418 F.3d 1379, 1382 (Fed. Cir. 2005) (noting that "[t]he construction of claims is simply a way of elaborating the normally terse claim language").

The plain language claim 2 requires that the main valve control channel be fluidly connected to a trigger valve exterior frame. (*See* Ex. 3 at col. 30:40-41.) Figure 2 of the '012 patent shows exactly that:



(Ex. 3 at FIG. 2 (annotated).)[1] The trigger valve exterior frame (6) is shown in green, the main valve control channel (40) is shown in light blue, and the location where the trigger valve exterior frame is fluidly connected to the main valve control channel is shown by the red circles and the portion shown in yellow. (SF. 6;[2] Ex. E at ¶¶ 306-307.[3])

---

[1] Exs. 1-13 refer to the exhibits attached to the Declaration of Robert S. Rigg In Support of Defendant's Motion for Summary Judgment (D.I. 151.)

[2] "SF. __" refers to the Plaintiff's Response and Concise Counterstatement of Facts, filed concurrently herewith.

[3] Exs. A-J refer to the exhibits attached to Declaration Of Michael J. Flynn In Support Of Plaintiff's Opposition To Defendant's Motions For Summary Judgment, filed concurrently herewith.

Dr. Vallee explained that a person of ordinary skill in the art would understand that it is at the location identified by the red circles and yellow where there is a fluid connection between the main valve control channel (blue) and the trigger valve exterior frame (green). (SF. 6-7; Ex. E at ¶ 307.) The reason there is a fluid connection is because fluid from the main valve control channel contacts the surface of the trigger valve exterior frame at these locations. (*Id.*) Thus, rather than redrafting the claims as Kyocera posits (*see* '012 Op. Br. at 9-12), Dr. Vallee explains exactly how the trigger valve exterior frame is fluidly connected to the main valve control channel. As a result, the claims, when viewed in light of the specification, inform skilled artisans about the scope of the invention with reasonable certainty. *See Mentor Graphics Corp. v. EVE-USA, Inc.*, 851 F.3d 1275, 1290-94 (Fed. Cir. 2017) (reversing summary judgment of indefiniteness finding that two figures of the patent support the conclusion that skilled artisans would understand the meaning of "near" with reasonable certainty); *Edios Display, LLC v. AU Optronics Corp.*, 779 F.3d 1360, 1366 (Fed. Cir. 2015) (finding the claim term "contact hole" definite when the term is viewed in context of the entire patent); *Exmark Mfg. Co. Inc. v. Briggs & Stratton Power Prods. Group, LLC*, 879 F.3d 1332, 1346 (Fed. Cir. 2018) (finding claim language and specification provide reasonable certainty as to the meaning of the disputed claim term).

Kyocera is also incorrect that the written description fails to provide clarity as to the scope of the claim term "a trigger valve exterior frame to which the main valve control channel is fluidly connected." ('012 Op. Br. at 8-9.) To support its argument, Kyocera asserts that the only two connections between the trigger valve exterior frame and the main valve control channel are (i) a solid connection between the outer walls, and (ii) a fluid connection formed by the outer walls of the component. (*Id.*) But this is not correct. In addition to these two connections, as explained above, FIG. 2 (which is part of the written description)[4] shows a fluid connection between the main valve control channel and the trigger valve exterior frame (*i.e.*, where the fluid from the main valve control channel contacts the trigger valve exterior frame). (SF. 6; Ex. E at ¶¶ 306-307.) A skilled artisan would therefore understand that there is also a fluid connection between the trigger valve exterior frame and the main valve control channel. (SF. 7; Ex. E at ¶ 307.)

At a minimum, taking this record in the light most favorable to Koki, a reasonable juror could conclude that Kyocera had not established by clear and

---

[4] *See Blue Calypso, LLC v. Groupon, Inc.*, 815 F.3d 1331, 1346 (Fed. Cir. 2016) (finding the specification provided adequate support because the figures and corresponding written description disclosed the claimed invention even though the exact claim language was not used in the specification); *Intermec Techs. Corp. v. Palm Inc.*, 811 F. Supp. 2d 973, 998 (D. Del. 2011) ("Claim 3 is not indefinite merely because the recharger is only shown in a single figure, sans the recharger connector. '[A]n applicant is not required to describe in the specification every conceivable and possible future embodiment of his invention.'") (quoting *Rexnord Corp. v. Laitram Corp.*, 274 F.3d 1336, 1344 (Fed. Cir. 2001)).

convincing evidence that the trigger valve exterior frame is not fluidly connected to the main valve control channel in the manner described by Dr. Vallee. Summary judgment is therefore inappropriate and the issue should be presented to the jury. *See* Ex. F, *Pac. Biosciences of Cal., Inc. v. Oxford Nanopore Techs., Inc.*, C.A. No. 17-275-LPS, D.I. 447, at 4 (D. Del. Feb. 21, 2020) (denying summary judgment of indefiniteness where the record, taken in the light most favorable to the patent owner, permits a reasonable juror to find a person of skill in the art could determine the scope of the term with reasonable certainty); *Masimo Corp. v. Philips Elecs. N. Am. Corp.*, C.A. No. 09-80–LPS, 2015 WL 7737308, at *6 (D. Del. Dec. 1, 2015) ("Plaintiff has also submitted an expert declaration...which (at minimum) shows a genuine dispute of material fact preventing the Court from granting summary judgment of invalidity due to indefiniteness"); *see also BJ Servs.*, 338 F.3d at 1372 ("[D]efiniteness … is amenable to resolution by the jury where the issues are factual in nature."); *Dow Chem. Co. v. NOVA Chems. Corp. (Canada)*, 629 F. Supp. 2d 397, 404 (D. Del. 2009) (collecting cases as to district court denials of summary judgment on indefiniteness where questions of fact remained for the jury to resolve); *Viva Healthcare Packaging USA Inc. v. CTL Packaging USA Inc.*, 197 F. Supp. 3d 837, 857-58 (W.D.N.C. 2016) (denying summary judgment of indefiniteness because the parties presented conflicting

expert testimony as to whether one skilled in the art would understand the scope of the claims with reasonable certainty).

**B.    Kyocera's Identification of Additional Channels and Chambers Is Not Relevant to the Question of Definiteness**

Kyocera's identification of additional channels or chambers within the trigger valve is simply a diversion. The plain language of the claim does not require the main valve control channel to be connected to any particular channel, thus, identification of the various channels that lie inside the trigger valve is unnecessary. The fact that the claim language may be broad in the sense that it does not specify a precise channel(s) within the trigger valve to which the main valve control channel may be connected does not make the claim term indefinite. *See BASF Corp. v. Johnson Matthey Inc.*, 875 F.3d 1360, 1365 (Fed. Cir. 2017) ("breadth is not indefiniteness"); *Alarm.com, Inc. v. SecureNet Techs. LLC*, 345 F. Supp. 3d 544, 550 (D. Del. 2018) ("A term's broad scope does not make it indefinite").

Moreover, the fact that the trigger valve includes a number of channels does not mean that the trigger valve exterior frame cannot be fluidly connected to the main valve control channel. To the contrary, whether the main valve control channel is connected to one or more specific channels within the frame misses the point: the claim simply recites that the trigger valve exterior frame be fluidly connected to the main valve control channel. (SF. 1, Ex. E at ¶ 309.) And as noted

above, a person of ordinary skill in the art would understand exactly how the trigger valve exterior frame is fluidly connected to the main valve control channel. (SF 7; Ex. E at ¶ 307)

Kyocera assertion that it is unclear whether the main valve control channel is connected to other channels is also demonstrably incorrect. Other portions of claim 2 of the '012 patent recite specific connections between the main valve control channel and channels in the trigger valve. (*See* SF. 2; Ex. 3 at col. 30:46-51 (main valve intake channel connecting main valve control channel to accumulator); 30:51-54 (air discharge channel connecting main valve control channel to atmosphere); *see also* Ex. E at ¶ 310.) And, for the other channels identified by Kyocera, the claims do not recite any connection between the main valve control channel and those channels or chambers, but instead connect other components within the tool. (SF. 3; Ex. 3 at col. 31:8-11 (trigger valve intake channel connecting accumulator to trigger valve chamber); col. 31:13-15 (trigger valve control channel connecting trigger valve chamber and atmosphere); *see also* Ex. E at ¶ 310.) Thus, while not relevant to deciding how the trigger valve exterior frame is connected to the main valve control channel, other portions of the claim recite the specific connections made by the channels in the trigger valve.

## V.     CONCLUSION

For the foregoing reasons, Kyocera's motion for summary judgment of indefiniteness as to claims 2-4 of the '012 patent should be denied.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Michael J. Flynn*

_____

Karen Jacobs (#2881)
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
kjacobs@mnat.com
mflynn@mnat.com

OF COUNSEL:

Paul Devinsky
Stephen J. Smith
MCDERMOTT WILL & EMERY LLP
The McDermott Building
500 North Capitol Street, N.W.
Washington, DC  20001
(202) 756-8000

*Attorneys for Plaintiff*
*Koki Holdings Co., Ltd.*

Amol A. Parikh
Thomas DaMario
MCDERMOTT WILL & EMERY LLP
444 West Lake Street
Chicago, IL  60606
(312) 372-2000

July 10, 2020

## CERTIFICATE OF COMPLIANCE WITH
## <u>TYPE-VOLUME LIMITATION</u>

The foregoing complies with the type-volume limitations of paragraph 12(b) of the Scheduling Order (D.I. 14). The text of this brief, including footnotes, was prepared in Times New Roman 14-point. According to the word processing system used to prepare it, the brief contains 2,195 words, excluding the case caption, tables, and signature block.

Dated: July 10, 2020                    */s/ Michael J. Flynn*
                                        Michael J. Flynn (#5333)

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 10, 2020, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on July 10, 2020, upon the following in the manner indicated:

Kelly E. Farnan, Esquire                                           *VIA ELECTRONIC MAIL*
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE  19801
*Attorneys for Defendant Kyocera Senco*
*Industrial Tools, Inc.*

Robert S. Rigg, Esquire                                           *VIA ELECTRONIC MAIL*
David Bernard, Esquire
John K. Burke, Esquire
VEDDER PRICE P.C.
222 North LaSalle Street
Chicago, IL  60601
*Attorneys for Defendant Kyocera Senco*
*Industrial Tools, Inc.*

/s/ *Michael J. Flynn*

_____

Michael J. Flynn (#5333)