IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KOKI HOLDINGS CO., LTD., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> KYOCERA SENCO INDUSTRIAL ) <br> TOOLS, INC., ) <br> ) <br> Defendant. ) | C.A. No. 18-313 (CFC) |

**PLAINTIFF'S RESPONSE AND CONCISE COUNTERSTATEMENT OF FACTS IN OPPOSITION TO DEFENDANT'S CONCISE STATEMENT OF FACTS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OF NO INVALIDITY OF U.S. PATENT NO. 7,156,012**

OF COUNSEL:

Paul Devinsky
Stephen J. Smith
MCDERMOTT WILL & EMERY LLP
The McDermott Building
500 North Capitol Street, N.W.
Washington, DC  20001
(202) 756-8000

Amol A. Parikh
Thomas DaMario
MCDERMOTT WILL & EMERY LLP
444 West Lake Street
Chicago, IL  60606
(312) 372-2000

July 10, 2020

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Karen Jacobs (#2881)
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
kjacobs@mnat.com
mflynn@mnat.com

*Attorneys for Plaintiff*
*Koki Holdings Co., Ltd.*

Koki Holdings Co., Ltd. submits this response to Kyocera Senco Industrial Tools, Inc.'s concise statement of facts in support of its motion for summary judgment of no invalidity of U.S. Patent No. 7,156,012 (D.I. 142).

## RESPONSE TO KYOCERA CONCISE STATEMENT

1. Asserted claims 2-4 of the '012 Patent each require "a trigger valve exterior frame to which the main valve control channel is fluidly connected." Ex. 3, '012 Patent, 30:40-41.[1]

**Plaintiff's Response**: Admitted.

2. Asserted claims 2-4 of the '012 Patent each require a "trigger valve exterior frame" that defines, at least in part, the following channels and chambers: "a main valve intake channel being defined between the valve piston and the trigger valve exterior frame"; "an air discharge channel being defined between the valve piston and the trigger valve exterior frame"; and "a trigger valve chamber being defined by the trigger valve exterior frame." Ex. 3, '012 Patent, 30:40-31:5; Ex. 5, Miller Opening, ¶480.

**Plaintiff's Response**: Admitted.

3. Asserted claim 4 of the '012 Patent requires a "trigger valve exterior frame" that defines, at least in part, two additional channels: "a trigger valve intake channel being defined between the first section and the valve piston" and "a trigger valve control channel being defined between the second section and the trigger valve exterior frame." Ex. 3, '012 Patent, 31:8-17; Ex. 5, Miller Opening, ¶480.

**Plaintiff's Response**: Admitted.

4. The specification of the '012 Patent describes the trigger valve exterior frame as constituting an outer wall of the trigger valve 6. Ex. 3, '012 Patent, 7:26-27.

---

[1] Exs. 1-13 refer to the exhibits attached to the Declaration of Robert S. Rigg In Support of Defendant's Motion for Summary Judgment (D.I. 151.)

**Plaintiff's Response**: Admitted-in-part; Denied-in-part. The '012 patent specification states "[t]he outer valve bush 10 and inner valve bush 11 are fixed to the frame 60 to form a trigger valve exterior frame which constitutes an outer wall of the trigger valve." Ex. 3, '012 Patent, 7:26-27.

5. The specification of the '012 Patent describes a fluid connection between a main valve control channel 40 and a space between the outer valve bush 10 and inner valve bush 11, two components of the trigger valve exterior frame, such that fluid can pass between the main valve control channel and the trigger valve. Ex. 3, '012 Patent, 7:25-27, 7:38-43; Ex. 7, Miller Reply, ¶222; Ex. 10, Vallee Rebuttal, ¶306; Ex. 12, Vallee Tr., 164:7-16.

**Plaintiff's Response**: Admitted-in-part; Denied-in-part. FIG. 2 of the '012 patent illustrates where the fluid from the main valve control channel contacts the trigger valve exterior frame. This is a fluid connection between the main valve control channel and the trigger valve exterior frame. (Ex. E, ¶¶ 306-307.)[2] A skilled artisan would therefore understand that there is also a fluid connection between the trigger valve exterior frame and the main valve control channel. (*Id.*)

## KOKI COUNTERSTATEMENT OF FACTS

6. In the annotated illustration below, the trigger valve exterior frame 6 is shown in green, the main valve control channel 40 is shown in light blue, and the location where the trigger valve exterior frame is fluidly connected to the main

---

[2] Exs. A-J refer to the exhibits attached to Declaration Of Michael J. Flynn In Support Of Plaintiff's Opposition To Defendant's Motions For Summary Judgment, filed concurrently herewith.

valve control channel is shown by the red circles and the portion shown in yellow. (Ex. E, ¶¶ 306-307.)



7. A person of ordinary skill in the art would understand that it is at the location identified by the red circles and yellow in the image above where there is a fluid connection between the main valve control channel (blue) and the trigger valve exterior frame (green). (Ex. E, ¶ 307.)

|  |  |
|---|---|
| | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| | */s/ Michael J. Flynn* |
| OF COUNSEL: | Karen Jacobs (#2881) <br> Michael J. Flynn (#5333) <br> 1201 North Market Street <br> P.O. Box 1347 <br> Wilmington, DE  19899-1347 <br> (302) 658-9200 <br> kjacobs@mnat.com <br> mflynn@mnat.com |
| Paul Devinsky <br> Stephen J. Smith <br> MCDERMOTT WILL & EMERY LLP <br> The McDermott Building <br> 500 North Capitol Street, N.W. <br> Washington, DC  20001 <br> (202) 756-8000 | *Attorneys for Plaintiff Koki Holdings Co., Ltd.* |
| Amol A. Parikh <br> Thomas DaMario <br> MCDERMOTT WILL & EMERY LLP <br> 444 West Lake Street <br> Chicago, IL  60606 <br> (312) 372-2000 | |
| July 10, 2020 | |

## CERTIFICATE OF COMPLIANCE WITH
## <u>TYPE-VOLUME LIMITATION</u>

The foregoing complies with the type-volume limitations of paragraph 12(b) of the Scheduling Order (D.I. 14). The text of this statement, including footnotes, was prepared in Times New Roman 14-point. According to the word processing system used to prepare it, the statement contains 307 words, excluding the case caption, tables, recitation of Defendant's statement, and signature block.

Dated: July 10, 2020              */s/ Michael J. Flynn*
                                  Michael J. Flynn (#5333)

## CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2020, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on July 10, 2020, upon the following in the manner indicated:

| | |
|---|---|
| Kelly E. Farnan, Esquire<br>RICHARDS, LAYTON & FINGER, P.A.<br>One Rodney Square<br>920 North King Street<br>Wilmington, DE  19801<br>*Attorneys for Defendant Kyocera Senco Industrial Tools, Inc.* | *VIA ELECTRONIC MAIL* |
| Robert S. Rigg, Esquire<br>David Bernard, Esquire<br>John K. Burke, Esquire<br>VEDDER PRICE P.C.<br>222 North LaSalle Street<br>Chicago, IL  60601<br>*Attorneys for Defendant Kyocera Senco Industrial Tools, Inc.* | *VIA ELECTRONIC MAIL* |

/s/ *Michael J. Flynn*

Michael J. Flynn (#5333)