# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KOKI HOLDINGS CO., LTD., | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 18-313 (CFC) |
| | ) | |
| v. | ) | **PUBLIC VERSION** |
| | ) | |
| KYOCERA SENCO INDUSTRIAL TOOLS, INC., | ) ) ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S CONCISE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT THAT U.S. PATENT NOS. 7,156,012 AND 7,398,647 ARE NOT INVALID**

OF COUNSEL:

Robert S. Rigg
David Bernard
John K. Burke
Vedder Price P.C.
222 North LaSalle Street
Chicago, IL  60601
(312) 609-7500

Dated:  July 10, 2020

Kelly E. Farnan (#4395)
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
302-651-7700
farnan@rlf.com

*Attorneys for Defendant Kyocera Senco Industrial Tools, Inc.*

RLF1 23700773v.1

# TABLE OF EXHIBITS

| Exhibit[1] | Description of Document | Abbreviation |
|---|---|---|
| Rigg Decl., Ex. 15 | Transcript Excerpts from Deposition of Keven Miller, taken June 5, 2020 | Miller Tr. |
| Rigg Decl., Ex. 16 | Transcript Excerpts from Deposition of Glenn Vallee, Ph.D., taken June 3, 2020. | Vallee Tr. |
| Rigg Decl., Ex. 17 | Excerpts from Initial Expert Report of Keven Miller Regarding Invalidity, dated February 28, 2020. | Miller Initial |
| Rigg Decl., Ex. 18 | Excerpts from Reply Expert Report of Keven Miller Regarding Invalidity. | Miller Reply |
| Rigg Decl., Ex. 19 | Excerpts from Rebuttal Expert Report of Glenn Vallee, Ph.D. | Vallee Rebuttal |
| Shoemake Decl., Ex. 20 | Defendant Advertisement dated 1993, bearing bates numbers KSIT00098338-40. | Defendant Advertisement |
| Shoemake Decl., Ex. 21 | Excerpt from July 1991 edition of *Rural Builder* Magazine, bearing bates number KSIT00098532. | Magazine Advertisement |
| Shoemake Decl., Ex. 22 | Operating Instructions for the SN325+ Nailer dated 1997, bearing bates numbers KSIT00098374-90. | SN325+ Operating Instructions |
| Shoemake Decl., Ex. 23 | Parts Reference Guide for the SN325+ Nailer dated 1997, bearing bates numbers KSIT00098341-44. | SN325+ Parts Reference Guide |

---

[1] As used herein, exhibits attached to the Rigg Declaration will be referred to by corresponding "Ex. R__," exhibits attached to the Shoemake Declaration will be referred to by corresponding "Ex. S__," and exhibits attached to the McCardle Declaration will be referred to by corresponding "Ex. M__."

| Shoemake Decl., Ex. 24 | Collection of Replacement Parts Charts for the SN325+ Nailer, bearing bates numbers KSIT00098402-05, 98421-24, 98491-94. | SN325+ Replacement Parts Charts |
| Shoemake Decl., Ex. 25 | Collection of Service Notes for the SN325+ Nailer, bearing bates numbers KSIT00098407-10, 98425, 98430-35, 98437, 98442-43, 98446. | SN325+ Service Notes |
| McCardle Decl., Ex. 26 | Collection of Manufacturing Drawings for the SN325+ Nailer, bearing bates numbers KSIT002611-19, 98345-48, 98372, 98484. | SN325+ Manufacturing Drawings |

Pursuant to Paragraphs 12(c)-(e) of the Scheduling Order (D.I. 14), Defendant Kyocera Senco Industrial Tools, Inc. ("Defendant") submits this Response to Plaintiff's Concise Statement of (Allegedly) Undisputed Facts in Support of its Motion for Summary Judgment that U.S. Patent Nos. 7,156,012 and 7,398,647 are not Invalid:

### RESPONSE TO PLAINTIFF'S CONCISE STATEMENT OF FACTS

1. U.S. Patent No. 7,398,647 ("'647 patent") is a continuation of the application that led to U.S. Patent No. 7,156,012 ("'012 patent"), and the patents share a common specification.

   **Defendant's Response:** Admitted.

2. The '012 and '647 patents claim priority to Japanese Patent Application No. P2004- 011835 filed on January 20, 2004. Therefore, the critical date for the '012 and '647 patents is January 20, 2003, which is one year before the January 20, 2004 claimed priority date for the '012 and '647 patents.

   **Defendant's Response:** Admitted.

3. Claim 1 of the '012 patent includes the following limitation: "a ratio obtained from dividing the maximum internal volume of the main valve chamber measured

in $m^3$ by the cross-sectional area of the main valve control channel measured in $m^2$ being not more than 1.0" (the "'012 Ratio Limitation").

    **Defendant's Response:**  Admitted.

4.    Claims 1 and 10 of the '647 patent include the following limitation: "wherein a ratio obtained from dividing a maximum internal volume of the main valve chamber measured in $m^3$ by a cross sectional area of the first channel measured in $m^2$ is no greater than 0.8" (the "'647 Ratio Limitation").

    **Defendant's Response:**  Admitted.

5.    For purposes of this case, the "main valve control channel" in the asserted claims of the '012 patent is equivalent to the "first channel" in the asserted claims of the '647 patent.

    **Defendant's Response:**  Admitted.

6.    Kyocera has does not dispute infringement of claims 1-4 of the '012 patent and claims 1 and 10 of the '647 patent.

    **Defendant's Response:**  Admitted.

7. Kyocera asserts that claim 1 of the '647 patent is anticipated by a physical SN325+ model ("SN325+ model").

**Defendant's Response:** Denied. Defendant asserts that claim 1 of the '647 Patent is invalid based on the prior public use and sale of the SN325+ nailer under pre-AIA 35 U.S.C. § 102(b). (Flynn Decl., Ex. G (Defendant's Responses and Objections to Plaintiff's Fourth Set of Interrogatories), 4-6). The physical SN325+ model is merely an example of the SN325+ nailer that was publicly available and sold before the critical date of the '012 and '647 Patents. (*Id*. at 5 ("Thus, this model was produced in 1994 and thus the SN325+ was publicly available at least as of 1994.")). Defendant is relying on additional corroborating testimony and documents that demonstrate that the SN325+ was on sale and in public use well before the critical date for the '012 and '647 Patents. (McCardle Decl., ¶¶3-6, Ex. M26; Shoemake Decl., ¶¶2-15. Exs. S20-S25).

8. Kyocera asserts that claim 1 of the '012 patent is anticipated by a physical SN325+ model ("SN325+ model").

**Defendant's Response:** Denied. Defendant asserts that claim 1 of the '012 Patent is invalid based on the prior public use and sale of the SN325+ nailer under pre-AIA 35 U.S.C. § 102(b). (Flynn Decl., Ex. G (Defendant's

Responses and Objections to Plaintiff's Fourth Set of Interrogatories), 4-6). The physical SN325+ model is merely an example of the SN325+ nailer that was publicly available and sold before the critical date of the '012 and '647 Patents. (*Id*. at 5 ("Thus, this model was produced in 1994 and thus the SN325+ was publicly available at least as of 1994.")). Defendant is relying on additional corroborating testimony and documents that demonstrate that the SN325+ was on sale and in public use well before the critical date for the '012 and '647 Patents. (McCardle Decl., ¶¶3-6, Ex. M26; Shoemake Decl., ¶¶2-15. Exs. S20-S25).

9. Kyocera asserts that claims 1 and 10 of the '647 patent and claims 1-4 of the '012 patent are obvious based on U.S. Patent App. Pub. No. 2001/0009260 to Ishizawa et al. ("Ishizawa") in view of the SN325+ model.

**Defendant's Response:** Denied. Defendant asserts that claims 1 and 10 of the '647 Patent and claims 1-4 of the '012 Patent are invalid based on U.S. Patent App. Pub. No. 2001/0009260 to Ishizawa et al. ("Ishizawa") in view of the prior public use and sale of the SN325+ nailer under pre-AIA 35 U.S.C. § 102(b) . (Flynn Decl., Ex. G (Defendant's Responses and Objections to Plaintiff's Fourth Set of Interrogatories), 4-6). The physical SN325+ model is merely an example of the SN325+ nailer that was publicly available and

4

sold before the critical date of the '012 and '647 Patents. (*Id*. at 5 ("Thus, this model was produced in 1994 and thus the SN325+ was publicly available at least as of 1994.")). Defendant is relying on additional corroborating testimony and documents that demonstrate that the SN325+ was on sale and in public use well before the critical date for the '012 and '647 Patents. (McCardle Decl., ¶¶3-6, Ex. M26; Shoemake Decl., ¶¶2-15. Exs. S20-S25).

10. Kyocera is relying on a physical sample of the SN325+ as prior art.

**Defendant's Response:** Denied. Defendant is asserting that the prior sale and public use of the SN325+ Nailer is prior art and the physical sample of the SN325+ Nailer is evidence of that prior sale and public use. (Flynn Decl., Ex. G (Defendant's Responses and Objections to Plaintiff's Fourth Set of Interrogatories), 4-6; *see also id*. at 5 ("Thus, this model was produced in 1994 and thus the SN325+ was publicly available at least as of 1994.")). Defendant is relying on additional corroborating testimony and documents that demonstrate that the SN325+ was on sale and in public use well before the critical date for the '012 and '647 Patents. (McCardle Decl., ¶¶3-6, Ex. M26; Shoemake Decl., ¶¶2-15. Exs. S20-S25).

11. The SN325+ model that Kyocera relies on as prior art includes the serial number "94903803."

> **Defendant's Response:** Admitted in part and Denied in part. Defendant admits that the SN325+ model includes the serial number "94903803," but Defendant denies that it is relying on the physical SN325+ model itself as prior art.

12. The SN325+ model that Kyocera relies on as prior art is non-functional and cannot be operated.

> **Defendant's Response:** Admitted in part and Denied in part. Defendant admits that the SN325+ model is non-functional and cannot be operated, but Defendant denies that it is relying on the physical SN325+ model itself as prior art. Defendant is relying on additional corroborating testimony and documents that demonstrate that functionality and operation of the SN325+. (McCardle Decl., ¶¶3-6, Ex. M26; Shoemake Decl., ¶¶2-15. Exs. S20-S25; Ex. R18, Miller Reply, ¶¶183-184; Ex. R17, Miller Initial, ¶¶387-399).

13. Ishizawa does not provide the dimensions of its first channel/main valve control channel or its main valve chamber.

> **Defendant's Response:** Admitted.

14. Kyocera alleges that the SN325+ model meets the "cross sectional area of the main valve control channel" aspect of the '012 and '647 Ratio Limitations by the combining the cross sectional area of the four separate crossover holes.

> **Defendant's Response:** Admitted in part and Denied in part. Defendant admits that the SN325+ model meets the "cross sectional area of the main valve control channel" aspect of the '012 and '647 Ratio Limitations by the combining the cross sectional area of the four separate crossover holes, but Defendant denies that it is relying on the physical SN325+ model itself as prior art.

15. The specification of the '012 and '647 patents states:

> The present invention relates to a fastener driving tool such as a nail gun driven by compressed air, and more particularly, to such fastener driving tool improving drive response and decreasing air consumption.
>
> and
>
> It is therefore an object of the present invention is to provide a fastener driving tool improving the response and continuous shots or nailing performance in nailing work, yet reducing the consumption of compressed air.
>
> **Defendant's Response:** Admitted.

16. The specification of the '012 and '647 patents states:

   The trigger valve 6 is fluidly connected to a main valve control channel 40, which is a cylindrical tube extending from a main valve chamber 8 described later. Specifically, the main valve control channel 40 is fluidly connected to a space between the outer valve bush 10 and inner valve bush 11, and opens into the trigger valve 6. This main valve control channel 40 is configured such that its cross-sectional area S1 is $3.2 \times 10^{-5}$ (m2).

   **Defendant's Response:** Admitted.

17. The specification of the '012 and '647 patents states:

   The main valve chamber 8 has an internal volume variable in accordance with the vertical movement of the main valve 19, but has a maximum volume V1 of $2.56 \times 10^{-5}$ (m3). As a result, the value obtained from dividing the volume V1 of the main valve chamber 8 by the cross-sectional area S1 of the main valve control channel 40 is $V1/S1=0.8 \leqq 1.0$. Likewise, the value obtained from dividing the volume V1 of the main valve chamber 8 by the cross-sectional area Sm of the main valve intake channel 20 is $V1/Sm=0.8 \leqq 1.0$. In addition, the main valve control channel 40 has a curving portion as shown at the location enclosed by a circle in FIG. 3. The curving portion is formed into a gentle arc shape).

   **Defendant's Response:** Admitted.

18. Kyocera's expert testified as follows:

   Q: There's nothing in the specification of the '647 or the '012 Patent that says that the main valve control channel is made up of multiple channels, is there?

8

A: No, not to my knowledge, no.

**Defendant's Response:** Admitted.

19. Kyocera's expert calculated the volume of the main valve chamber in the SN325+ to be $1.771 \times 10^{-5} \, m^3$.

**Defendant's Response:** Admitted.

20. Kyocera's expert calculated the combined cross sectional area of four crossover holes in the SN325+ to be $3.066 \times 10^{-5} \, m^2$, which means he calculated the cross sectional area of a single crossover hole to be $7.665 \times 10^{-6} \, m^2$.

**Defendant's Response:** Admitted.

21. Using Kyocera's expert's measurements, the ratio obtained from dividing the volume of the main valve chamber ($1.771 \times 10^{-5} \, m^3$) by the cross sectional area of a single channel ($7.665 \times 10^{-6} \, m^2$) in the SN325+ is 2.31.

**Defendant's Response:** Admitted.

22. Koki's expert calculated the volume of the main valve chamber in the SN325+ to be $1.7 \times 10^{-5} \, m^3$.

**Defendant's Response:** Admitted.

23. Koki's expert calculated the calculated the cross sectional area of a single crossover hole in the SN325+ to be $7.79 \times 10^{-6}\, m^2$.

**Defendant's Response:** Admitted.

24. Using Koki's expert's measurements, the ratio obtained from dividing the volume of the main valve chamber ($1.7 \times 10^{-5}\, m^3$) by the cross sectional area of a single channel ($7.79 \times 10^{-6}\, m^2$) in the SN325+ is 2.18.

**Defendant's Response:** Admitted.

25. The physical sample of the SN325+ that Kyocera Senco relies on as prior art was retained in the Kyocera Senco Engineering Lab as a production archive sample since it was manufactured in September 1994.

**Defendant's Response:** Admitted in part and Denied in part. Defendant admits that the physical sample of the SN325+ was retained in the Kyocera Senco Engineering Lab as a production archive sample since it was manufactured in September 1994, but Defendant denies that it is relying on the physical SN325+ model itself as prior art.

26. No current Kyocera Senco employee has firsthand knowledge of the first offer for sale and/or first public availability of the SN325+ Nailer, and (due to the age of the tool) Kyocera Senco is unaware of which former employees may have such firsthand knowledge.

> **Defendant's Response:** Admitted. Defendant admits that no current Kyocera Senco employee has firsthand knowledge of the first offer for sale and/or first public availability of the SN325+ Nailer, and (due to the age of the tool) Kyocera Senco is unaware of which former employees may have such firsthand knowledge.

27. Kyocera's corporate witness testified his understanding is that the SN325+ was first offered for sale in the 1980's and that to the best of his knowledge, Kyocera is currently selling the SN325+.

> **Defendant's Response:** Admitted in Part and Denied. Defendant admits that its corporate witness testified his understanding is that the SN325+ was first offered for sale in the 1980's and that to the best of his knowledge, Kyocera is currently selling the SN325+. However, this fact is irrelevant to the question of invalidity and, as explained in his declaration, Defendant's corporate witness, Thomas McCardle, misspoke when he said the SN325+ was being sold today.

(McCardle Decl., ¶4). The SN325+ was discontinued around 1999 and replaced by tools branded as "FramePro." (Shoemake Decl., ¶5).

28. Kyocera's corporate witness testified that there have been significant changes to the SN325 during the years it was sold.

**Defendant's Response:** Admitted.

### LIST OF MATERIAL FACTS AS TO WHICH DEFENDANT CONTENDS EXISTS A GENUINE ISSUE TO BE LITIGATED

29. If Koki's construction of "a first channel" and "a main valve control channel" is correct, whether it would have been obvious to incorporate the claimed "ratio" taught by the SN325+ Nailer's four channel design into the single "first channel"/"main valve control channel" design of Ishizawa. (Ex. R18, Miller Reply, ¶¶183-184; Ex. R17, Miller Initial, ¶¶387-399; Ex. R19, Vallee Rebuttal, ¶254).

30. Whether the SN325+ Nailer was publicly available and/or on sale more than one year before the priority date of the '012 and '647 Patents. (McCardle Decl., ¶¶3-6, Ex. M26; Shoemake Decl., ¶¶2-15. Exs. S20-S25; Physical Sample of SN325+ Nailer).

|  |  |
|---|---|
|  | /s/ Kelly E. Farnan |
|  | Kelly E. Farnan (#4395) |
|  | Richards, Layton & Finger, P.A. |
|  | One Rodney Square |
| OF COUNSEL: | 920 North King Street |
|  | Wilmington, DE 19801 |
| Robert S. Rigg | 302-651-7700 |
| David Bernard | farnan@rlf.com |
| John K. Burke |  |
| Vedder Price P.C. | *Attorneys for Defendant Kyocera* |
| 222 North LaSalle Street | *Senco Industrial Tools, Inc.* |
| Chicago, IL  60601 |  |
| (312) 609-7500 |  |
| rrigg@vedderprice.com |  |
| dbernard@vedderprice.com |  |

Dated:  July 10, 2020

13

## **CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION**

The foregoing DEFENDANT'S RESPONSE TO PLAINTIFF'S CONCISE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT THAT U.S. PATENT NOS. 7,156,012 AND 7,398,647 ARE NOT INVALID complies with the type-volume limitations of Paragraph 12(b) of the Scheduling Order (D.I. 14). The text of this statement, including footnotes, was prepared in Times New Roman 14-point. According to the word processing system used to prepare it, this statement contains 1,152 words, excluding the case caption, tables, signature block, and repetition of Koki's allegedly undisputed facts.

Dated:  July 10, 2020                                       */s/ Kelly E. Farnan*
                                                                          Kelly E. Farnan (#4395)

RLF1 23700773v.1

## CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2020, true and correct copies of the foregoing document were caused to be served on the following counsel of record as indicated:

**BY E-MAIL**
Karen Jacobs
Michael J. Flynn
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
Wilmington, DE 19801

**BY E-MAIL**
Paul Devinsky
Stephen J. Smith
McDermott Will & Emery LLP
The McDermott Building
500 North Capitol Street, N.W.
Washington, DC 20001

**BY E-MAIL**
Amol A. Parikh
Thomas DaMario
McDermott Will & Emery LLP
444 West Lake Street
Chicago, IL 60606

**BY E-MAIL**
Hitoshi Akiba
Kilpatrick Townsend & Stockton LLP
The Imperial Tower, 15th Floor
1-1-1 Uchisaiwaicho,
Chiyoda-ku, Tokyo,
Japan 100

                                            */s/ Kelly E. Farnan*
                                            Kelly E. Farnan (#4395)
                                            farnan@rlf.com