# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KOKI HOLDINGS CO., LTD., | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 18-313 (CFC) |
| | ) | |
| v. | ) | |
| | ) | |
| KYOCERA SENCO INDUSTRIAL TOOLS, INC., | ) ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 7,156,012

OF COUNSEL:

Robert S. Rigg
David Bernard
John K. Burke
VEDDER PRICE P.C.
222 North LaSalle Street
Chicago, IL  60601
(312) 609-7500

Kelly E. Farnan (#4395)
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
farnan@rlf.com

Attorneys for Defendant Kyocera Senco Industrial Tools, Inc.

Dated:  July 24, 2020

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................... ii

I.  **INTRODUCTION** .................................................................................... 1

II. **ARGUMENT** ............................................................................................ 1

    A.    Koki Creates a Non-Existent Fluid Connection Between a Channel and a Solid Wall ........................................................................ 1

    B.    Koki's Non-Existent Fluid Connection Is Not Supported by the Specification ............................................................................................ 3

    C.    The Testimony of Koki's Expert Does Not Create a Genuine Dispute of Material Fact ......................................................................... 5

III. **CONCLUSION** ......................................................................................... 7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
　477 U.S. 242 (1986) ................................................................................................6

*Capital Sec. Sys., Inc. v. NCR Corp.*,
　725 F. App'x 952 (Fed. Cir. 2018) ..........................................................................6

*GPNE Corp. v. Apple Inc.*,
　830 F.3d 1365 (Fed. Cir. 2016) ...............................................................................5

*Halliburton Energy Servs., Inc. v. M-I LLC*,
　514 F.3d 1244 (Fed. Cir. 2008) ...............................................................................6

*HIP, Inc. v. Hormel Foods Corp.*,
　No. CV 18-615-CFC, 2019 WL 2579266 (Fed. Cir. 2020) ....................................5

**Statutes**

35 U.S.C. § 112, ¶ 2 ...................................................................................................1

## TABLE OF EXHIBITS

| Exhibit[1] | Description of Document | Abbreviation |
|---|---|---|
| 3 | U.S. Patent No. 7,156,012, bearing bates numbers KHD000001-34 | '012 Patent |
| 5 | Excerpts from Initial Expert Report of Keven Miller Regarding Invalidity, dated February 28, 2020 | Miller Initial |
| 10 | Excerpts from Rebuttal Expert Report of Glenn Vallee, Ph.D., dated March 27, 2020 | Vallee Rebuttal |

---

[1] Exhibits attached to the Rigg Declaration (D.I. 151) are referred to as "Ex. __."

## I.  INTRODUCTION

Claims 2-4 of U.S. Patent No. 7,156,012 (the "'012 Patent") require a physical impossibility: a hollow channel ("main valve control channel") "*fluidly* connected" to a solid wall ("trigger valve exterior frame").  Koki recognizes the hopelessly indefinite nature of this limitation, and thus in its response (D.I. 155, "Koki Resp.") attempts to create an entirely new type of fluid connection that is contrary to the plain meaning and the intrinsic record of the '012 Patent.  Since no reasonable juror could conclude that Koki's new fluid connection exists, Koki fails to raise any *genuine* dispute of fact that the limitation "a trigger valve exterior frame to which the main valve control channel is *fluidly* connected" is indefinite under 35 U.S.C. § 112, ¶ 2.

## II.  ARGUMENT

### A.  Koki Creates a Non-Existent Fluid Connection Between a Channel and a Solid Wall

Defendant previously explained how the intrinsic record of the '012 Patent describes two connections between the main valve control channel and the trigger valve exterior frame: "(1) a **solid connection** between the outer wall of the main valve control channel and the trigger valve exterior frame" and "(2) a ***fluid connection*** between the space within the main valve control channel and a space within the trigger valve" that permits the exchange of fluids between those two

spaces.  (D.I. 143 ("Def. Op.") at 5[2]; *see also id*. at 8-9).  Koki agrees that these two connections exist, but believes that "[i]n addition to these two connections" there is a third "***fluid connection*** between the main valve control channel," *a hollow space*, "and the trigger valve exterior frame," *a solid wall*.  (Koki Resp. at 6).  Koki then argues that the claim limitation "a trigger valve exterior frame to which the main valve control channel is ***fluidly connected***" refers to Koki's third alleged "fluid connection" and thus the claims are not indefinite.  (*Id*. at 4-5).

But this supposed third "fluid connection" is a fiction created by Koki. "Fluidly connected" has a commonly understood meaning that requires an exchange of fluids between two empty spaces.  (Ex. 5, Miller Opening, ¶478 ("[A] channel can be fluidly connected to a chamber or channel within a frame, but not to the frame itself.")).  Koki does not provide any support for its assertion that, in addition to describing the exchange of fluids between two empty spaces, "fluidly connected" is also used by skilled artisans to describe mere contact between an empty space and a solid wall.

---

[2] All emphasis is added herein unless otherwise indicated.

### B. Koki's Non-Existent Fluid Connection Is Not Supported by the Specification

Koki also fails to identify any support in the intrinsic record for its new type of "fluid connection." In fact, Koki's only argument that the specification supports it position relies on a heavily annotated version of Figure 2, reproduced below.



**Koki Resp. at 4**

Koki points to these annotations to describe its non-existent fluid connection, arguing that at the "location identified by the red circles" "there is a fluid connection [] because fluid from the main valve control channel *contacts* the surface of the trigger valve exterior frame." (Koki Resp. at 5). By Koki's logic, pressing the end

3

of a garden hose against a wall (i.e., the hose *contacts* the wall) apparently creates a fluid connection.[3]

Of course, such a result would be nonsensical, which explains why the written description *never* describes a fluid connection between a chamber/channel and a solid wall or frame such that mere *contact* of fluid is enough. Most importantly, the '012 Patent's own description of Figure 2 (which was heavily annotated by Koki above) describes *only* a fluid connection between two empty channels/chambers such that fluid can be *exchanged* between these two channels/chambers. (*See* Ex. 3, '012 Patent, 7:38-43) ("the main valve control channel 40 is *fluidly connected to a space* between" two components making up the trigger valve exterior frame and "opens into the trigger valve 6")). Indeed, the specification repeatedly and consistently uses "fluidly connected" to refer to a connection between two empty spaces that permits an exchange of fluid. (*See id*., 14:22-25 ("[T]he accumulator 2 is *fluidly connected* to the main valve chamber 8 via the main valve intake channel

---

[3] Koki's theory that mere "contact" is enough to establish a fluid connection is new. Koki's expert previously opined that "[t]he location identified by the red circles and yellow is where the fluid is *exchanged* between the main valve control channel and the trigger valve exterior frame." (*See* Ex. 10, Vallee Rebuttal, ¶307). Of course, neither Koki nor its expert explained how a fluid can be *exchanged* with a solid wall, which is perhaps why Koki has now shifted its theory, albeit to one equally as implausible.

4

20 and the main valve control channel 40. ***Thus, compressed air flows from the accumulator 2 into the main valve chamber 8***."); *see also id.*, 14:22-25, 16:42-44, 18:13-16, 24:14-19, 24:23-26, 25:15-21, 26:19-25, 27:36-40).[4] Thus, the specification's repeated and consistent use confirms the plain meaning of "fluidly connected." *See GPNE Corp. v. Apple Inc.*, 830 F.3d 1365, 1370 (Fed. Cir. 2016) ("[W]hen a patent repeatedly and consistently characterizes a claim term in a particular way, it is proper to construe the term in accordance with that characterization.").

### C. The Testimony of Koki's Expert Does Not Create a Genuine Dispute of Material Fact

Koki argues that "at a minimum, taking this record in the light most favorable to Koki, a reasonable juror could conclude that" the claims are not indefinite based on Dr. Vallee's description of Koki's fictitious "fluid connection." (Koki Resp. at 6-7). But as explained above, Dr. Vallee's opinion is entirely contrary to the intrinsic record of the '012 Patent and the plain meaning of "fluidly connected" such that it does not preclude a grant of summary judgment here. *See, e.g.*, *HIP, Inc. v. Hormel*

---

[4] Koki improperly dismisses Defendant's identification of additional channels/chambers within the claimed trigger valve as "simply a diversion." (Koki Resp. at 8). But Koki's argument is based on Dr. Vallee's new and unsupported definition of "fluidly connected" (*see id.*) which, as explained here, is demonstrably incorrect.

5

*Foods Corp.*, No. CV 18-615-CFC, 2019 WL 2579266, at *1, aff'd, 796 F. App'x 748 (Fed. Cir. 2020) (noting that "Federal Circuit decisions appear to confirm that [Courts] may grant summary judgment based on indefiniteness even when the parties present conflicting expert testimony about whether a person of ordinary skill in the art (POSITA) would be able to understand disputed claim terms") (citing *Capital Sec. Sys., Inc. v. NCR Corp.*, 725 F. App'x 952, 958-59 (Fed. Cir. 2018) (affirming district court's decision granting summary judgment of indefiniteness despite expert testimony that a POSITA would understand the disputed claim term with reasonable certainty); *Halliburton Energy Servs., Inc. v. M-I LLC*, 514 F.3d 1244, 1249-50 (Fed. Cir. 2008 (affirming grant of summary judgment of indefiniteness based on intrinsic evidence and noting in dictum that conflicting expert testimony does not preclude a finding of indefiniteness)).

Indeed, "[t]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original). Similarly here, while Koki contends that Dr. Vallee's testimony presents issues of material fact, his testimony does not create a *genuine* issue, given that it is entirely removed from the commonsense meaning of "fluidly connected" and the intrinsic record.

6

## III. CONCLUSION

For the foregoing reasons, the Court should grant Defendant's motion for summary judgment.

|  |  |
|---|---|
| | /s/ Kelly E. Farnan |
| | Kelly E. Farnan (#4395) |
| | Richards, Layton & Finger, P.A. |
| | One Rodney Square |
| OF COUNSEL: | 920 North King Street |
| | Wilmington, DE 19801 |
| Robert S. Rigg | (302)651-7700 |
| David Bernard | farnan@rlf.com |
| John K. Burke | |
| VEDDER PRICE P.C. | Attorneys for Defendant Kyocera |
| 222 North LaSalle Street | Senco Industrial Tools, Inc. |
| Chicago, IL  60601 | |
| (312) 609-7500 | |
| rrigg@vedderprice.com | |
| dbernard@vedderprice.com | |
| jburke@vedderprice.com | |

Dated:  July 24, 2020

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION

The foregoing DEFENDANT'S REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 7,156,012 complies with the type-volume limitations of Paragraph 12(b) of the Scheduling Order (D.I. 14).  The text of this brief, including footnotes, was prepared in Times New Roman 14-point.  According to the word processing system used to prepare it, this brief contains 1,256 words, excluding the case caption, tables, and signature block.  Defendant's three reply briefs for summary judgment are a combined 4,971 words, excluding the case captions, tables, and signature blocks.

Dated:  July 24, 2020       */s/ Kelly E. Farnan*
                                              Kelly E. Farnan (#4395)