IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KOKI HOLDINGS CO., LTD., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> KYOCERA SENCO INDUSTRIAL ) <br> TOOLS, INC., ) <br> ) <br> Defendant. ) | C.A. No. 18-313 (CFC) |

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO
EXCLUDE CERTAIN OPINIONS OF MR. KEVEN MILLER**

OF COUNSEL:

Paul Devinsky
Stephen J. Smith
MCDERMOTT WILL & EMERY LLP
The McDermott Building
500 North Capitol Street, N.W.
Washington, DC  20001
(202) 756-8000

Amol A. Parikh
Thomas DaMario
MCDERMOTT WILL & EMERY LLP
444 West Lake Street
Chicago, IL  60606
(312) 372-2000

July 24, 2020

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Karen Jacobs (#2881)
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
kjacobs@mnat.com
mflynn@mnat.com

*Attorneys for Plaintiff Koki Holdings Co., Ltd.*

# TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................1

II. ARGUMENT..............................................................................................1

III. CONCLUSION...........................................................................................7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Acme Highway Prods. Corp. v. D.S. Brown Co.*,
   473 F.2d 849 (6th Cir. 1973) ...................................................................................2

*Amstar Corp. v. Envirotech Corp.*,
   730 F.2d 1479 (Fed. Cir. 1984) ................................................................................2

*Applied Medical Resources v. U.S. Surgical Corp.*,
   448 F.3d 1324 (Fed. Cir. 2006) ................................................................................5

*Asyst Tech., Inc. v. Emtrak, Inc.*,
   402 F.3d 1188 (Fed. Cir. 2005) ................................................................................2

*Bernard Dalsin Mfg. Co. v. RMR Prods., Inc.*,
   10 F. App'x 882 (Fed. Cir. 2001) .........................................................................1, 4

*Hutchins v. Zoll Medical Corp.*,
   492 F.3d 1377 (Fed. Cir. 2007) ................................................................................6

*I-Flow Corp. v. Wolf Medical Supply, Inc.*,
   No. SACV 09-0762-AG, 2009 WL 10697983
   (C.D. Cal. Sept. 28, 2009)........................................................................................2

*JVW Enters., Inc. v. Interact Accessories, Inc.*,
   424 F.3d 1324 (Fed. Cir. 2005) ....................................................................1, 4, 5, 6

*Northern Telecom, Inc. v. Datapoint Corp.*,
   908 F.2d 931 (Fed. Cir. 1990) ..................................................................................3

*SunTiger, Inc. v. Scientific Research Funding Group*,
   189 F.3d 1324 (Fed. Cir. 1999) .....................................................................2, 3, 4, 6

*Vulcan Eng. Co., Inc. v. Fata Aluminum, Inc.*,
   278 F.3d 1366 (Fed. Cir. 2002) ............................................................................1, 3

**I.     INTRODUCTION**

Mr. Miller's non-infringement opinion for the '987 patent should be excluded because he misapplies the law of infringement. Mr. Miller asserts that Kyocera's JoistPro 150XP ("JoistPro") does not meet the "push portion" limitation of the asserted claims of the '987 patent because the JoistPro allegedly requires *additional* components to carry out the claimed function. An accused device, however, cannot escape infringement of a means-plus-function claim merely by using additional structure to perform the claimed function.

**II.    ARGUMENT**

Mr. Miller's opinions apply an incorrect legal standard and thus will not be helpful to the jury. As Koki explained in its opening brief, it is well-established law that an accused device cannot escape infringement of a means-plus-function limitation by using additional structure to perform the claimed function. *See, e.g., JVW Enters., Inc. v. Interact Accessories, Inc.*, 424 F.3d 1324, 1333 (Fed. Cir. 2005) (infringement is not avoided simply because the accused product may include additional structure for performing the claimed function); *Vulcan Eng. Co., Inc. v. Fata Aluminum, Inc.*, 278 F.3d 1366, 1375-76 (Fed. Cir. 2002) ("when all of the claimed features are present in the accused system, the use of additional features does not avoid infringement"); *Bernard Dalsin Mfg. Co. v. RMR Prods., Inc.*, 10 F. App'x 882, 888 (Fed. Cir. 2001) (for a mean-plus-function claim, "it is

well-established that the presence of additional structure, such as the intervening structure, in the accused device will not exclude a finding of infringement."); *Asyst Tech., Inc. v. Emtrak, Inc.*, 402 F.3d 1188, 1197 (Fed. Cir. 2005) ("[T]he fact that the [accused system] employs a mechanical switch to detect the presence of the transportable container does not avoid infringement if the [accused system] also contains a sensing means that is the same as or equivalent to the sensing means claimed in the [asserted patent]"). Notably, Kyocera provides no legal precedent suggesting otherwise.

Kyocera fails in its attempt to distinguish *Acme Highway Products*, *SunTiger*, *Amstar*, and *I-Flow*[1] on the basis that these cases are purportedly not applicable because they deal with infringement generally and are not specific to mean-plus-function terms. (Kyocera Opp. Br. at 8-9.) Kyocera provides no authority for its assertion that the general principle cited in these cases—that "an accused device cannot escape infringement by merely adding features, if it otherwise has adopted the basic features of the patent"—is not applicable to means-plus-function claims. Indeed, the cases themselves identify no such exception.

---

[1]  *Acme Highway Prods. Corp. v. D.S. Brown Co.*, 473 F.2d 849 (6th Cir. 1973), *SunTiger, Inc. v. Scientific Research Funding Group*, 189 F.3d 1324 (Fed. Cir. 1999), *Amstar Corp. v. Envirotech Corp.*, 730 F.2d 1479 (Fed. Cir. 1984), and *I-Flow Corp. v. Wolf Medical Supply, Inc.,* No. SACV 09-0762-AG (MLGx), 2009 WL 10697983 (C.D. Cal. Sept. 28, 2009)

2

To the contrary, the Federal Circuit has squarely held that in the context of a means-plus-function limitation, the use of additional structure to perform the claimed function does not avoid infringement. *See Vulcan*, 278 F.3d at 1375-76 (citing *Northern Telecom, Inc. v. Datapoint Corp.*, 908 F.2d 931, 945 (Fed. Cir. 1990) ("The addition of features does not avoid infringement, if all the elements of the patent claims have been adopted.")). In *Vulcan*, the accused infringer argued the means-plus-function claim limitation "drive means" was not met because the accused drive system had *additional* structure that performed the claimed function. Specifically, the accused infringer argued that in addition to the shock-absorbing stop shown in the patent, the accused drive system used an electronic valve to slow the carriage to a controlled stop. *Id.* at 1375. The Federal Circuit rejected this argument, holding that "when all of the claimed features are present in the accused system, the use of additional features does not avoid infringement." *Id*. at 1376.

Nor do the cases cited in Koki's Opening Brief, as suggested by Kyocera, turn solely on the fact that the accused devices had "various unrelated, unclaimed features." (Kyocera Opp. Br. at 9.) For instance, in *SunTiger*, the Federal Circuit reversed a district court's summary judgment of non-infringement, finding that an additional gray coating on an orange-dyed sunglass lens that otherwise meets the claim limitations did not save the accused product from infringement where the claims were drawn to a lens that allows transmission of only particular

3

wavelengths of light. *See* 189 F.3d at 1336-37. In doing so, the court followed the well-established principle that "[i]t is fundamental that one cannot avoid infringement merely by adding elements if each element recited in the claims is found in the accused device." *Id*. at 1336.

Kyocera improperly limits the Federal Circuit's rationale for finding infringement in *Bernard Dalsin Manufacturing Co. v. RMR Products, Inc.*, arguing that the court "rejected the accused infringer's argument that the lack of direct contact between two claimed components will not exclude a finding of infringement." (Kyocera Opp. Br. at 10.) Contrary to Kyocera's assertion, the Federal Circuit found there was additional "*intervening structure* positioned between the damper plate and the top of the chimney flue in the accused devices [such that] the damper plate does not directly contact the top of the chimney flue when it is in its closed position." *Bernard*, 10 F. App'x at 888 (emphasis added). The court found the presence of the "intervening structure" irrelevant to the infringement analysis because "it is well-established that the presence of additional structure, such as the intervening structure, in the accused device will not exclude a finding of infringement." *Id.*

Kyocera also misinterprets the Federal Circuit's holding in *JVW*. (*See* Kyocera Opp. Br. at 10-11.) In *JVW*, the accused infringer argued that the accused device did not meet the means-plus-function claim limitation "means for lockably

4

receiving a video game controller" because, in addition to the claimed clips, a shell and a cam mechanism were required to perform the corresponding function of "receiving and locking a video game controller into a fixed position on the mounting member for use." 424 F.3d at 1333. The court found that the fact that the accused device also includes a shell and cam mechanism does not mean that the clips also do not perform the claimed function. Instead, the court held "[t]hese additional features amount to improvements that do not avoid infringement" and the "the means-plus-function limitation need only read on part of the [accused device] for the [accused device] to infringe." *Id*. at 1333-34.

Kyocera mistakenly relies on *Applied Medical Resources v. U.S. Surgical Corp.*, 448 F.3d 1324 (Fed. Cir. 2006) to argue that the "relevant structure" must be the "JoistPro's entire safety mechanism, including those pneumatic components" because that is what is allegedly required to perform the claimed function. (Kyocera Opp. Br. at 7.) Nothing in *Applied Medical* requires that the "relevant structure" in the accused device be *every* component that is used to carry out the claimed function. Instead, the "relevant structure" in the accused product is only that structure which is required by the claim for performing the claimed function. *See Applied Med.*, 448 F.3d at 1334 (vacating summary judgment of infringement because there was a genuine issue of material fact as to whether relevant structure in accused product performed claimed function). The "relevant

5

structure" here is the structure defined by this Court in its claim construction ruling and the proper analysis is whether the JoistPro performs the claimed function using at least that relevant structure. *See JVW*, 424 F.3d at 1333-34 ("If a claim reads merely on a part of an accused device, that is enough for infringement" (citing *SunTiger*, 189 F.3d at 1336)); *see also Hutchins v. Zoll Medical Corp.*, 492 F.3d 1377, 1380 (Fed. Cir. 2007) ("Patent infringement requires that every element and limitation in a correctly construed claim is embodied in the accused system").

Mr. Miller ignores this law, and thus failed to conduct the proper analysis. He does not dispute that the JoistPro contains all of the structure that the Court recited in its construction of the term "push portion," which is a "safety portion 12 that is mechanically coupled to trigger 11, the safety portion 12 consisting of upper safety portion 20, cam member 21, and lower safety portion 22." (*See generally*, Ex. E[2] (Miller Rebuttal Report) at ¶¶ 39, 44, 47, 48.) Nor does Mr. Miller dispute that the upper safety portion, cam member, and lower safety portion in the JoistPro perform the claimed function, which is "operation of the trigger switch is enabled when the end of the push portion is prevented from moving downward." (*See generally, id.*) Instead, his sole argument regarding non-infringement is that the JoistPro requires *additional structure* to allegedly carry out the claimed function. (*See* Kyocera Opp. Br. at 4 ("Mr. Miller explained that the JoistPro's safety

---

[2]   Exs. A-Q are attached to Plaintiff's Concise Statement of Facts (D.I. 138).

6

mechanism *also requires additional pneumatic components and a pressurized air supply* to operate." (emphasis added)); Ex. E (Miller Rebuttal Report) at ¶ 39.) Because Mr. Miller's theory is legally flawed and contrary to established case law, it should be excluded.

## III. CONCLUSION

For the foregoing reasons and those stated in Koki's Opening Brief, Koki respectfully requests that the Court grant Koki's motion to exclude the opinions of Mr. Keven Miller that rely on a legally flawed interpretation of the standard for infringement, including at least paragraphs 39, 44, 47, 48 of Mr. Miller's Rebuttal Report Regarding Non-Infringement.

7

|  |  |
|---|---|
| | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| | */s/ Michael J. Flynn* |
| OF COUNSEL: | Karen Jacobs (#2881)<br>Michael J. Flynn (#5333)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899-1347<br>(302) 658-9200<br>kjacobs@mnat.com<br>mflynn@mnat.com |
| Paul Devinsky<br>MCDERMOTT WILL & EMERY LLP<br>The McDermott Building<br>500 North Capitol Street, N.W.<br>Washington, DC 20001<br>(202) 756-8000 | *Attorneys for Plaintiff Koki Holdings Co., Ltd.* |
| Amol A. Parikh<br>Thomas DaMario<br>MCDERMOTT WILL & EMERY LLP<br>444 West Lake Street<br>Chicago, IL 60606<br>(312) 372-2000 | |
| July 24, 2020 | |

8

## **TYPE-VOLUME LIMITATION**

The foregoing complies with the type-volume limitations of paragraph 12(b) of the Scheduling Order (D.I. 14). The text of this brief, including footnotes, was prepared in Times New Roman 14-point. According to the word processing system used to prepare it, the brief contains 1,555 words, excluding the case caption and signature block.

Dated: July 24, 2020                                              */s/ Michael J. Flynn*
                                                                            Michael J. Flynn (#5333)

## CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2020, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on June 24, 2020, upon the following in the manner indicated:

| | |
|---|---|
| Kelly E. Farnan, Esquire<br>RICHARDS, LAYTON & FINGER, P.A.<br>One Rodney Square<br>920 North King Street<br>Wilmington, DE 19801<br>*Attorneys for Defendant Kyocera Senco Industrial Tools, Inc.* | *VIA ELECTRONIC MAIL* |
| Robert S. Rigg, Esquire<br>David Bernard, Esquire<br>John K. Burke, Esquire<br>VEDDER PRICE P.C.<br>222 North LaSalle Street<br>Chicago, IL 60601<br>*Attorneys for Defendant Kyocera Senco Industrial Tools, Inc.* | *VIA ELECTRONIC MAIL* |

/s/ *Michael J. Flynn*

Michael J. Flynn (#5333)