IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KOKI HOLDINGS CO., LTD., | |
| Plaintiff, | |
| v. | Civil Action No. 18-313-CFC |
| KYOCERA SENCO INDUSTRIAL TOOLS, INC., | |
| Defendant. | |

## MEMORANDUM ORDER

Plaintiff Koki Holdings Co., Ltd has sued Defendant Kyocera Senco Industrial Tools, Inc. for patent infringement. D.I. 1. Before me is Koki's motion to exclude "certain opinions of [Kyocera's] expert, Mr. Keven Miller, that rely on an incorrect legal standard for assessing non-infringement of the asserted claims of U.S. Patent No. RE42,987 [the #987 patent]." D.I. 139.

## I. BACKGROUND

The #987 patent is directed to "a nail gun that can accurately drive nails into a desired device position." #987 patent at 1:23–24.

The asserted claims of the #987 patent recite a "push portion." *Id.* at claim 14 (10:57), claim 18 (11:20), claim 19 (11:43). I construed the term "push portion" in my claim construction order as a means-plus-function limitation

governed by 35 U.S.C. § 112 ¶ 6. D.I. 53 at 1. And I construed the corresponding structure and function for that term as follows:

> <u>Structure</u>: "safety portion 12 that is mechanically coupled to trigger 11, the safety portion 12 consisting of upper safety portion 20, cam member 21, and lower safety portion 22"
> <u>Function</u>: "operation of the trigger switch is enabled when the end of the push portion is prevented from moving downward"

D.I. 53 at 1.

Koki's expert, Glenn Vallee, Ph.D, opined in his opening report on infringement that Kyocera's JoistPro 150XP Nailer infringes all elements of claims 14–19 of the #987 patent, including the "push portion" element recited in those claims. D.I. 138-2, Ex. C ¶¶ 5(b), 133–38. Kyocera's expert, Mr. Miller, offered the following opinion in his rebuttal report:

> Dr. Vallee points, without much explanation, to various structures on the JoistPro's safety mechanism as allegedly meeting the required structure of the claimed "push portion:" the upper safety portion 20, cam member 21, and lower safety portion 22. However, Dr. Vallee fails to explain how his identified upper safety portion 20, cam member 21, and lower safety portion 22 work together to achieve the function of the claimed "push portion:" "operation of the trigger switch is enabled when the end of the push portion is prevented from moving downward." *This is because these components do not perform the claimed function because the JoistPro's safety mechanism also requires additional pneumatic components and a pressurized air supply to operate.*

D.I. 138-2, Ex. E ¶ 39 (emphasis added). Mr. Miller essentially repeated this

2

opinion in paragraphs 44, 47(1) and 48 of his report. *Id.* ¶¶ 44, 47(1) and 48.

## II. LEGAL STANDARD

Federal Rule of Evidence 702 governs testimony by experts, and requires that expert testimony "help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. Rule 702 also requires that expert testimony be (1) "based upon sufficient facts or data," (2) "the product of reliable principles and methods," and (3) the "reliabl[e] appli[cation of] those principles and methods to the facts of the case." *Id.*

## III. DISCUSSION

At issue is Mr. Miller's opinion that the JoistPro 150XP does not infringe claims 14–19 of the #987 patent because its safety mechanism has pneumatic components and a pressurized air supply in addition to the components of the corresponding structure identified in my claim construction of the "push portion" means-plus-function limitation. That opinion is contrary to Federal Circuit law and therefore not admissible under Rule 702. *See Hebert v. Lisle Corp.*, 99 F.3d 1109, 1117 (Fed. Cir. 1996) ("Incorrect statements of law are no more admissible through 'experts' than are falsifiable scientific theories."); *see also United States v. Cunningham*, 679 F.3d 355, 380 (6th Cir. 2012) (approving district court's exclusion of expert analysis that conflicted with the court's rulings and applicable law); *Southard v. United Reg'l Health Care Sys., Inc.*, 2008 WL 4489692, at *2

3

(N.D. Tex. Aug. 5, 2008) ("[W]here as here, the expert's opinion is based on an erroneous legal premise, it is appropriate to exclude such testimony."); *Loeffel Steel Prods., Inc. v. Delta Brands, Inc.*, 387 F. Supp. 2d 794, 806 (N.D. Ill. 2005) ("Expert opinions that are contrary to law are inadmissible." (citations omitted)).

Mr. Miller's opinion is contrary to the well-established patent law principle that "the presence of additional structure . . . in the accused [product] will not exclude a finding of infringement" of a means-plus-function limitation. *Bernard Dalsin Mfg. Co. v. RMR Prods., Inc.*, 10 F. App'x 882, 888 (Fed. Cir. 2001) (citations omitted); *see also Vulcan Eng'g Co. v. Fata Aluminium, Inc.*, 278 F.3d 1366 (Fed. Cir. 2002) ("[W]hen all of the claimed features are present in the accused system, the use of additional features does not avoid infringement." (citations omitted)).  I therefore agree with Koki that Mr. Miller's noninfringement opinion is not admissible under Rule 702 to the extent that opinion is based on the absence of additional components in the corresponding structure identified in my claim construction order.

In the proposed order Koki submitted with its motion, however, Koki asks me to find that Mr. Miller's "opinions regarding infringement are legally flawed to the extent that they assert non-infringement based on unclaimed elements found in the accused products." D.I. 139-1 at 1.  That language seems to be broader than is necessary to address the objectionable opinions of Mr. Miller and I fear it might

4

lead to unintended and perhaps undesirable consequences.  Accordingly, I will deny Koki's motion insofar as it seeks entry of Koki's proposed order.

NOW THEREFORE, at Wilmington this 21st day of September in 2020, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to Exclude Certain Opinions of Mr. Keven Miller (D.I. 139) is **GRANTED IN PART AND DENIED IN PART**.

2. Mr. Miller is precluded from offering at trial the opinion that, because the JoistPro 150 XP's safety mechanism has additional components not identified in the Court's construction of the corresponding structure for the "push portion" limitation in claims 14–19 of the #987 patent, the JoistPro 150XP does not infringe those claims.

3. Paragraphs 39, 44, 47(1) and 48 of Mr. Miller's Rebuttal Report Regarding Non-Infringement are **STRUCK**.

_____
UNITED STATES DISTRICT JUDGE