# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KOKI HOLDINGS CO., LTD., | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 18-313 (CFC) |
| | ) | |
| v. | ) | |
| | ) | |
| KYOCERA SENCO INDUSTRIAL TOOLS, INC., | ) ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION FOR RECONSIDERATION OF ORDER**
**EXCLUDING CERTAIN OPINIONS OF DEFENDANT'S EXPERT**

OF COUNSEL:

Robert S. Rigg
David Bernard
John K. Burke
Vedder Price P.C.
222 North LaSalle Street
Chicago, IL  60601
(312) 609-7500

Kelly E. Farnan (#4395)
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
302-651-7700
farnan@rlf.com

Attorneys for Defendant Kyocera Senco
Industrial Tools, Inc.

Dated:  October 5, 2020

**I.      INTRODUCTION**

Pursuant to Delaware Local Rule 7.1.5, Defendant Kyocera Senco Industrial Tools, Inc. ("Defendant") respectfully submits this brief in support of its Motion for Reconsideration of the Court's decision to exclude certain opinions of Defendant's expert Mr. Miller.  (D.I. 182 ("Order")).  Defendant understands that motions for reargument are sparingly granted and, therefore, does not file this motion lightly or merely because it did not prevail in the Order.  Defendant files this motion because there is "a need to correct a clear error of law or fact" with respect to the Order.  *See, e.g.*, *New Balance Athletics, Inc. v. USA New Bunren Int'l Co.*, C.A. No. 17-1700 (MN), 2020 WL 5593928, at *1 (D. Del. Sept. 18, 2020).

Infringement of a means-plus-function claim limitation requires two steps, but the Order (and Koki's arguments) addressed only one.  The Court must consider two intertwined inquiries, but Koki's arguments decoupled those two inquiries, leading to an incorrect result. The issue is *not*, as Koki framed the issue, whether Defendant's expert added additional elements to the *structure* to argue non-infringement.  The issue is whether the structure identified by Koki's expert can perform the claimed *function* without some additional element(s).  Defendant's expert opined that it could not and therefore, because the structure identified by Koki could not perform the function, there was no infringement.  That opinion is consistent with law and logic. In short, the argument here is all about the *function*, not the *structure*.

The Order is based on a basic principle that Kyocera does not dispute, namely, that "when all of the claimed features are present in the accused system, the use of additional features does not avoid infringement." (Order at 4). That is sure enough true, but inapt here. Because the structure identified by Koki's expert *does not perform the claimed function*, as testified to by Mr. Miller, the premise of that legal proposition, *i.e.*, "when all of the claimed features are present in the accused system," does not apply.

Mr. Miller's opinion, which is fully consistent with Federal Circuit law is simply this: the structure identified by Koki does not perform the claimed function, and in order to perform that function, another structure must be included that no longer makes the two structures equivalent. There is absolutely no case law—and none cited by either Koki or the Court—that would prohibit any expert from opining on that elementary basis of non-infringement of a means-plus-function claim limitation.

Because Mr. Miller's opinion is consistent with Federal Circuit law, Defendant respectfully submits that these circumstances constitute a need to correct a clear error of both law ***and*** fact such that Defendant's motion should be granted and the exclusion of Mr. Miller's testimony be reversed.

## II. THE EXCLUSION OF MR. MILLER'S TESTIMONY IS CONTRARY TO LAW SUCH THAT RECONSIDERATION IS WARRANTED

The Order concluded that "Mr. Miller's opinion is contrary to the well-established patent law principle that 'the presence of additional structure . . . in the accused [product] will not exclude a finding of infringement' of a means-plus-function limitation." (Order at 4 (quoting *Bernard Dalsin Mfg. Co. v. RMR Prods., Inc.*, 10 F. App'x 882, 888 (Fed. Cir. 2001))). However, that "well-established patent law principle" is inapplicable to the facts in the present situation. The Court's Order also does not take into account the fact that Mr. Miller's opinion relied upon the applicable law for infringement of a means-plus-function claim limitation.

Mr. Miller followed the Federal Circuit's well-established two-step framework for infringement of a means-plus-function limitation: *first*, identify the relevant structure in the accused device ***that performs the identical function recited in the claim***; and *second*, determine whether that identified relevant structure is identical or equivalent to the corresponding structure described in the specification. The Order erred in failing to consider Mr. Miller's application of the Federal Circuit's framework and instead relied upon Koki's inapposite argument that "additional elements" in an accused product do not negate infringement. Indeed, as explained below, neither case cited by the Order to support this opinion actually stands for this proposition.

3

### A. The Court did not Take into Account the Applicable Law for Infringement of a Means-Plus-Function Limitation

As the Federal Circuit explained, "[l]iteral infringement of a means-plus-function claim limitation requires that the relevant structure in the accused device perform the identical function recited in the claim *and* be identical or equivalent to the corresponding structure in the specification." *Applied Med. Res. Corp. v. U.S. Surgical Corp.*, 448 F.3d 1324, 1333 (Fed. Cir. 2006) (citing *Lockheed Martin Corp. v. Space Sys./Loral, Inc.*, 324 F.3d 1308, 1320 (Fed. Cir. 2003)).[1]  Under this framework, a patentee must first identify "the ***relevant structure*** in the accused device [that] perform[s] the ***identical function recited in the claim***." *Id*. "***Once the relevant structure in the accused device has been identified***, a party may prove it is equivalent to the disclosed structure by showing that the two perform the identical function in substantially the same way, with substantially the same result." *Id*.

Put another way, "[f]unctional identity and either structural identity or equivalence are both necessary." *Odetics, Inc. v. Storage Technology Corp.*, 185 F.3d 1259, 1267 (Fed. Cir. 1999) (citing *Pennwalt Corp. v. Durand–Wayland, Inc.*, 833 F.2d 931, 934 (Fed. Cir. 1987) (en banc); *see also Chiuminatta Concrete Concepts, Inc. v. Cardinal Industries, Inc.*, 145 F.3d 1303, 1308 (Fed. Cir. 1998) ("To determine whether a claim limitation is met literally, where expressed as a

---

[1] All emphasis is added herein unless otherwise indicated.

means for performing a stated function, the court must compare the accused structure with the disclosed structure, ***and must find equivalent structure as well as identity of claimed function for that structure***.").

The Federal Circuit's application of this framework in *Applied Med.* is instructive. There, the patentee argued that, with respect to infringement of a means-plus-function limitation, a "gimbal in the accused device is the ***relevant structure and is equivalent to*** the ring-levers-teeth structure," which was the corresponding structure described in the asserted patent. *Applied Med.*, 448 F.3d 1324, 1333 (Fed. Cir. 2006). The Court started the infringement analysis by noting that "in order to literally infringe the gimbal must perform both claimed functions ***and*** be an equivalent structure to the disclosed ring-levers-teeth embodiment." *Id*.

### B. Mr. Miller Used The Correct Legal Framework when Providing His Opinion on Non-Infringement

Applying this framework to the "push portion" limitation in the '987 Patent, the ***relevant structure*** in the accused JoistPro "***must*** perform" the function described in the Court's claim construction "***and*** be an equivalent structure" to the structure described in the Court's claim construction. *Id*. Mr. Miller followed this very framework when laying out his opinion on whether the JoistPro has a "push portion."

Understanding that the relevant structure in the JoistPro "***must perform***" the construed function of the "push portion" limitation (*see Applied Med.*, 448 F.3d at 1333), Mr. Miller first considered whether Koki's expert Dr. Vallee correctly

5

identified the JoistPro's *relevant structure*. (D.I. 138 at Ex. E (Miller Rebuttal), ¶39). Mr. Miller noted that Dr. Vallee only identified a sub-set of the JoistPro's safety mechanism as the relevant structure even though the entire safety mechanism is required to perform the "push portion" function. (*Id.*). Mr. Miller thus concluded that Dr. Vallee's identification of the relevant structure was incorrect and instead the entire safety mechanism is the correct relevant structure because it "perform[s] the identical function recited in the claim." *Applied Med.*, 448 F.3d at 1333.

*Next*, Mr. Miller determined whether "the relevant structure in the [JoistPro is] . . . identical or equivalent to the corresponding structure in the specification." *Applied Med.*, 448 F.3d at 1333. Mr. Miller concluded that the relevant structure, the JoistPro's entire safety mechanism, was not identical to the corresponding structure of the claimed "push portion." (D.I. 138 at Ex. E (Miller Rebuttal), ¶47 ("[T]he JoistPro 150XP's safety mechanism is pneumatically powered and needs additional components to perform the claimed function")).

Thus, at no point did Mr. Miller stray from the Federal Circuit's infringement framework. Therefore excluding his testimony would be contrary to law.

### C. The "Additional Elements" Rule Relied upon by the Court is Not Applicable to Mr. Miller's Opinion

In excluding Mr. Miller's testimony, the Court relied on "the well-established patent law principle that 'the presence of additional structure . . . in the accused [product] will not exclude a finding of infringement' of a means-plus-function

6

limitation." (Order at 4 (quoting *Bernard Dalsin Mfg. Co. v. RMR Prods., Inc.*, 10 F. App'x 882, 888 (Fed. Cir. 2001))). While Defendant does not dispute the merit of this principle, Defendant disputes the applicability of it to Mr. Miller's opinion.

This is because Mr. Miller did not point out various unrelated, unclaimed features on the JoistPro that "are simply and totally irrelevant" to the question of infringement. *Amstar Corp. v. Envirotech Corp.*, 730 F.2d 1476, 1484 (Fed. Cir. 1984). Rather, Mr. Miller "pinpointed the relevant structure in the accused device" that was necessary to perform the claimed function of the "push portion" as required by Federal Circuit law. *Intellectual Sci. and Tech., Inc. v. Sony Elecs., Inc.*, 589 F.3d 1179, 1187 (Fed. Cir. 2009) (citing *Applied Med.*, 448 F.3d at 1333). Inherent in the "Additional Elements" rule is that the identified structure must in fact carry out the claimed function. As noted above, Mr. Miller opined that the structure identified by Dr. Vallee did not carry out the claimed function and that additional structure is required to carry out the claimed function in the accused JoistPro. As a result, the cases relied upon in the Order are not applicable to the present situation.

The Order first cites to *Bernard Dalsin Mfg. Co. v. RMR Prods., Inc.*, 10 Fed. App'x 882, 888 (Fed. Cir. 2001). (*See* Order at 4). There, the Court rejected an argument by the accused infringer that the accused product does not have the claimed "mounting means" because "there is intervening structure positioned between the damper plate and the top of the chimney flue in the accused devices." *Id*. The

accused infringer argued that this "intervening structure" meant that there cannot be a "mounting means" at all because it is impossible for the accused product to "perform the function of mounting the damper plate to the chimney flue." *Id*. In other words, the dispute was whether the damper plate can be mounted to the chimney flue ***indirectly*** as well as ***directly***, or just ***directly***. *Id*. at 888 ("RMR asserts that because the damper plate is not *directly* mounted to the chimney flue in either of the accused products, a finding of infringement is precluded."). Essentially determining that the intervening structure was not required for carrying out the claimed function, the Court disagreed, and reiterated that "it is well established that the presence of additional structure, such as intervening structure, in the accused device, will not exclude a finding of infringement." *Id*. The Court never broadly stated that one should disregard the presence of any structure necessary to perform the claimed function of a means-plus-function limitation, which the Order does here. Thus, *Bernard* does not support the exclusion of Mr. Miller's testimony.

The Order also relies on the Federal Circuit's similar statement that "when all of the claimed features are present in the accused system, the use of additional features does not avoid infringement." (Order at 4 (citing *Vulcan Eng'g Co. v. Fata Aluminum, Inc.*, 278 F.3d 1366, 1376 (Fed. Cir. 2002)). In *Vulcan* however, the Court followed the very framework used by Mr. Miller. *See Vulcan*, 278 F.3d at 1373 ("Infringement is found literally if the claimed function is performed by either

8

the structure described in the patent or an equivalent of that structure."). Under this framework, the Court agreed that the accused product had identical or equivalent structure that performed the "drive means" function as was described in the asserted patent. *Id*. at 1375. The Court also agreed that the structure of the "drive means" in both the asserted patent and accused product included identical or equivalent "shock absorbing stops" that perform the function of slowing down the carriages being operated by the drive means. *Id*. While the accused infringer conceded this point,[2] it attempted to avoid infringement by pointing out several additional features that its product can do, including "an electronic valve that slows the carriage to a controlled stop" and features that allows the carriages to be reversed and provide additional stability. *Id*. at 1375-76. But the Court correctly disregarded these additional features because, while they had some relation to the accused product's "drive means," none of them were necessary to perform the claimed function of the "drive means." *Id*. In stark contrast to the accused infringer in *Vulcan*, Mr. Miller identified several pneumatic components in the accused JoistPro that are ***necessary*** for the

---

[2] Mr. Miller does not concede this point and in fact indicates that several additional structural items are needed to carry out the claimed function. Thus, Mr. Miller's opinion did not discuss additional structures to avoid infringement; rather, he opined that the accused JoistPro was incapable of carrying out the claimed function without the additional structural features, and as a result concluded that the JoistPro does not contain identical or equivalent structure to that identified in the Court's claim construction of the asserted patent.

9

JoistPro to perform the claimed function. Thus, it was also error for the Order to rely on *Vulcan* to exclude Mr. Miller's testimony.

## III. CONCLUSION

The Federal Circuit has repeatedly made clear the correct standard for infringement of a means-plus-function claim limitation, which Defendant's expert Mr. Miller followed in his expert report. Since neither case relied upon by the Order to exclude Mr. Miller's testimony stand for the stated proposition, it would constitute legal and reversible error for Mr. Miller's opinion to be excluded. Thus, Defendant submits that reconsideration and reversal of the Order is warranted.

|  |  |
|---|---|
| OF COUNSEL: | */s/ Kelly E. Farnan* <br> Kelly E. Farnan (#4395) <br> Richards, Layton & Finger, P.A. |
| Robert S. Rigg <br> David Bernard <br> John K. Burke <br> Vedder Price P.C. <br> 222 North LaSalle Street <br> Chicago, IL  60601 <br> (312) 609-7500 <br> rrigg@vedderprice.com <br> dbernard@vedderprice.com <br> jburke@vedderprice.com | One Rodney Square <br> 920 North King Street <br> Wilmington, DE 19801 <br> (302) 651-7700 <br> farnan@rlf.com <br><br> Attorneys for Defendant Kyocera Senco Industrial Tools, Inc. |

Dated:  October 5, 2020

## **CERTIFICATION PURSUANT TO D. DEL. LOCAL RULE 7.1.1**

Pursuant to D. Del. Local Rule 7.1.1, counsel for Defendant Kyocera Senco Industrial Tools, Inc. ("Defendant") and counsel for Plaintiff Koki Holdings Co., Ltd. ("Plaintiff") previously conferred regarding Plaintiff's Motion to Exclude Certain Opinions of Mr. Keven Miller (*see* D.I. 139) and the parties were unable to reach agreement on the substantive issues that are the subject of this motion.

## **CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION**

The foregoing MOTION FOR RECONSIDERATION complies with the type-volume limitations of Paragraph 12(b) of the Scheduling Order (D.I. 14). The text of this motion, including footnotes, was prepared in Times New Roman 14-point. According to the word processing system used to prepare it, this motion contains 2,300 words, excluding the case caption and signature block.

Dated: October 5, 2020

*/s/ Kelly E. Farnan*
Kelly E. Farnan (#4395)