IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KOKI HOLDINGS CO., LTD., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> KYOCERA SENCO INDUSTRIAL ) <br> TOOLS, INC., ) <br> ) <br> Defendant. ) | C.A. No. 18-313 (CFC) |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION
FOR RECONSIDERATION OF ORDER EXCLUDING
<u>CERTAIN OPINIONS OF DEFENDANT'S EXPERT</u>**

OF COUNSEL:

Paul Devinsky
MCDERMOTT WILL & EMERY LLP
The McDermott Building
500 North Capitol Street, N.W.
Washington, DC  20001
(202) 756-8000

Amol A. Parikh
Thomas DaMario
MCDERMOTT WILL & EMERY LLP
444 West Lake Street
Chicago, IL  60606
(312) 372-2000

October 14, 2020

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Karen Jacobs (#2881)
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
kjacobs@mnat.com
mflynn@mnat.com

*Attorneys for Plaintiff Koki Holdings Co., Ltd.*

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | LEGAL STANDARD | 1 |
| III. | ARGUMENT | 2 |
| | A. The Court Correctly Identified the Applicable Law for Infringement of a Means-Plus-Function Limitation | 3 |
| | B. The Court Properly Found Mr. Miller Applied an Incorrect Legal Standard | 7 |
| | C. The "Additional Elements" Rule Is Directly Applicable to Mr. Miller's Opinion | 7 |
| IV. | CONCLUSION | 10 |

**TABLE OF CONTENTS**

- I. INTRODUCTION .................................................................................................1
- II. LEGAL STANDARD ..........................................................................................1
- III. ARGUMENT........................................................................................................2
    - A. The Court Correctly Identified the Applicable Law for Infringement of a Means-Plus-Function Limitation .............................3
    - B. The Court Properly Found Mr. Miller Applied an Incorrect Legal Standard ........................................................................................7
    - C. The "Additional Elements" Rule Is Directly Applicable to Mr. Miller's Opinion ........................................................................7
- IV. CONCLUSION...................................................................................................10

# **TABLE OF AUTHORITIES**
Page(s)

**Cases**

*Applied Medical Resources v. U.S. Surgical Corp.*,
    448 F.3d 1324 (Fed. Cir. 2006) ...................................................................4, 5, 6

*Asyst Tech., Inc. v. Emtrak, Inc.*,
    402 F.3d 1188 (Fed. Cir. 2005) ...........................................................................3

*Bernard Dalsin Mfg. Co. v. RMR Prods., Inc.*,
    10 F. App'x 882 (Fed. Cir. 2001) ................................................................3, 8, 9

*Brambles USA, Inc. v. Blocker*,
    735 F. Supp. 1239 (D. Del. 1990)........................................................................1

*Chiuminatta Concrete Concepts, Inc. v. Cardinal Industries, Inc.*,
    145 F.3d 1303 (Fed. Cir. 1998) ...........................................................................6

*Helios Software, LLC v. Awareness Techs., Inc.*,
    No. 11-cv-1259-LPS, 2014 WL 906346 (D. Del. Mar. 5, 2014) .........................2

*JVW Enters., Inc. v. Interact Accessories, Inc.*,
    424 F.3d 1324 (Fed. Cir. 2005) ...................................................................3, 4, 5

*Karr v. Castle*,
    768 F. Supp. 1087 (D. Del. 1991)........................................................................2

*Masimo Corp. v. Philips Elec. North America Corp.*,
    C.A. No. 09-80-LPS-MPT, 2014 WL 2990221 (D. Del. July 2,
    2014) ...................................................................................................................4

*Max's Seafood Café by LouAnn, Inc. v. Quinteros*,
    176 F.3d 669 (3d Cir. 1999) ................................................................................2

*Odetics, Inc. v. Storage Technology Corp.*,
    185 F.3d 1259 (Fed. Cir. 1999) ...........................................................................6

*Shering Corp. v. Amgen, Inc.*,
    25 F. Supp. 2d 293 (D. Del. 1998).......................................................................1

*Sunovion Pharm., Inc. v. Actavis, Inc.*,
   No. 12-cv-993-LPS, 2014 WL 2531513 (D. Del. June 3, 2014) ........................... 1

*SunTiger, Inc. v. Scientific Research Funding Group*,
   189 F.3d 1327 (Fed. Cir. 1999) ........................................................................ 8

*Vulcan Eng'g Co., Inc. v. Fata Aluminum, Inc.*,
   278 F.3d 1366 (Fed. Cir. 2002) ............................................................... 3, 9, 10

**Other Authorities**

D. Del. LR 7.1.5 ................................................................................................. 1

## I. INTRODUCTION

Kyocera's motion (D.I. 184 ("Motion")) fails to meet the exacting standards for reconsideration, and should be denied. Relying on well-established Federal Circuit precedent, the Court correctly found that the use of additional components in an accused product to perform the recited function does not negate infringement of a means-plus-function limitation. Because Mr. Miller employed an incorrect legal standard in opining that Kyocera's JoistPro 150XP Nailer does not meet the "push portion" limitation of the '987 patent, the Court correctly found his opinion inadmissible under Fed. R. Evid. 702. Kyocera has not demonstrated any manifest error that warrants reconsideration, but instead rehashes the same arguments already considered and rejected by the Court.

## II. LEGAL STANDARD

Motions for reconsideration "shall be sparingly granted." D. Del. LR 7.1.5; *see also Sunovion Pharm., Inc. v. Actavis, Inc.*, No. 12-cv-993-LPS, 2014 WL 2531513, at *1 (D. Del. June 3, 2014). Such motions are granted only if the Court has patently misunderstood a party, made a decision outside the adversarial issues presented by the parties, or made an error not of reasoning but of apprehension. *See Shering Corp. v. Amgen, Inc.*, 25 F. Supp. 2d 293, 295 (D. Del. 1998); *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1241 (D. Del. 1990). "A motion for reconsideration is not properly grounded on a request that a court rethink a decision

1

already made." *Helios Software, LLC v. Awareness Techs., Inc.*, No. 11-cv-1259-LPS, 2014 WL 906346, at *1 (D. Del. Mar. 5, 2014) (internal quotations omitted). It is also not an opportunity to "accomplish repetition of arguments that were or should have been presented to the court previously." *Id.* (quoting *Karr v. Castle*, 768 F. Supp. 1087, 1093 (D. Del. 1991)).

Reconsideration is only appropriate if the movant can show at least one of the following: (i) there has been an intervening change in controlling law; (ii) the availability of new evidence not available when the court made its decision; or (iii) there is a need to correct a clear error of law or fact to prevent manifest injustice. *See Max's Seafood Café by LouAnn, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Kyocera meets none of these elements and its Motion should be denied.

### III. ARGUMENT

In its Motion, Kyocera repeats the same argument it presented in its Opposition Brief, namely, that an accused device can escape infringement of a means-plus-function limitation by using additional structure to perform the claimed function. (*Compare* Motion at 4-5 *with* D.I. 165 (Opp. Br.) at 5-6, 8-12.) Contrary to Kyocera's assertion, the Court's decision is based on the established legal principle that "'the presence of additional structure … in the accused [product] will not exclude a finding of infringement' of a means-plus-function limitation." (D.I. 182 ("Order") at 4 (citation omitted).) The Court therefore properly found that Mr.

2

Miller's theory that the use of additional structure to perform the claimed function is legally erroneous and therefore "not admissible under Rule 702." (*Id.*)

### A. The Court Correctly Identified the Applicable Law for Infringement of a Means-Plus-Function Limitation

The Court correctly found it is a "well-established patent law principle" that an accused device cannot escape infringement of a means-plus-function limitation by using additional structure to perform the claimed function. (*See* Order at 4.) Numerous Federal Circuit decisions support the Court's conclusion. *See, e.g., JVW Enters., Inc. v. Interact Accessories, Inc.*, 424 F.3d 1324, 1333 (Fed. Cir. 2005) (infringement is not avoided simply because the accused product may include additional structure for performing the claimed function); *Vulcan Eng'g Co., Inc. v. Fata Aluminum, Inc.*, 278 F.3d 1366, 1375-76 (Fed. Cir. 2002) (finding that in the context of means-plus-function elements, "[t]he addition of features does not avoid infringement, if all the elements of the patent claims have been adopted."); *Bernard Dalsin Mfg. Co. v. RMR Prods., Inc.*, 10 F. App'x 882, 888 (Fed. Cir. 2001) (for a mean-plus-function claim, "it is well-established that the presence of additional structure, such as the intervening structure, in the accused device will not exclude a finding of infringement."); *Asyst Tech., Inc. v. Emtrak, Inc.*, 402 F.3d 1188, 1197 (Fed. Cir. 2005) ("[T]he fact that the [accused system] employs a mechanical switch to detect the presence of the transportable container does not avoid infringement if the [accused system] also contains a sensing means that is the same as or equivalent

3

to the sensing means claimed in the [asserted patent]"). Thus, the Court did not misunderstand Kyocera's argument, but instead rejected it as legally erroneous. *See Masimo Corp. v. Philips Elec. North America Corp.*, C.A. No. 09-80-LPS-MPT, 2014 WL 2990221, at *1 (D. Del. July 2, 2014) (denying motion for reconsideration because the court had not misunderstood defendant's argument, but had rejected it).

Undeterred, Kyocera repeats its misguided reliance on *Applied Medical Resources v. U.S. Surgical Corp.*, 448 F.3d 1324 (Fed. Cir. 2006), to argue that the "relevant structure" must be the JoistPro's "entire safety mechanism" (including additional pneumatic components) because that is what is allegedly "required to perform the 'push portion' function." (Mot. at 4-6; *see also* Opp. Br. at 7, 9, 12.) But as explained in Koki's Reply Brief, *Applied Medical* does not require that the "relevant structure" in the accused device be *every* component that is used to carry out the claimed function. Instead, the "relevant structure" in the accused product is only that structure which is required by the claim for performing the claimed function. (*See* D.I. 177 ("Koki Reply") at 5-6); *Applied Med.*, 448 F.3d at 1334 (literal infringement of a means-plus-function claim limitation requires that the relevant structure in the accused device perform the identical function recited in the claim and be identical or equivalent to the corresponding structure in the specification); *see also JVW*, 424 F.3d at 1333-34 ("[A]n improvement upon a patented device does not necessarily avoid infringement," finding that the means-

4

plus-function limitation need only read on part of the accused device for the device to infringe). Here, the "relevant structure" in the accused device is only that structure defined by this Court in its construction of the term "push portion," which is a "safety portion 12 that is mechanically coupled to trigger 11, the safety portion 12 consisting of upper safety portion 20, cam member 21, and lower safety portion 22." (D.I. 53 at 1.) Thus, the requisite infringement inquiry is whether the JoistPro 150XP performs the claimed function using at least that relevant structure (which was the analysis performed by Koki's expert), and not whether additional structure is also used in performing the function (which was the analysis performed by Mr. Miller). Put another way, Kyocera does not dispute that the JoistPro 150XP performs the claimed function – rather it asserts only that the relevant structure *alone* does not perform the function. (Mot. at 6.) That is merely a different side of the same coin, namely that use of additional structure to perform the claimed function does not avoid infringement. *JVW Enters.,* 424 F.3d at 1333. As explained above, and as the Court held, Kyocera's argument is legally erroneous.

Moreover, the factual situation in *Applied Medical* is different from the situation here. In the context of infringement of a means-plus-function limitation, a patent owner may prove the structure is met by showing either that (i) the structure in the accused device is identical to the claimed structure or (ii) the structure in the accused device is equivalent to the claimed structure by showing that both perform

5

the claimed function in substantially the same way and achieve substantially the same result. *See Applied Med.*, 448 F.3d at 1333. The plaintiff in *Applied Medical* did not assert that the structure in the accused device was identical to the claimed structure. Instead, the dispute in *Applied Medical* was limited to equivalence, specifically whether a gimbal (*i.e.*, a pivoted support that allows the rotation of an object about a single axis) used in the accused device was *equivalent* to the claimed "ring-levers-teeth" structure. *Id.* In *Applied Medical*, the court found that a gimbal was *not equivalent* to the claimed ring-levers-teeth structure because the gimbal performed the recited function in a different way than the claimed structure. Unlike the patent owner in *Applied Medical*, Koki does not allege that the identified structure in the JoistPro 150XP is *equivalent* to the structure claimed in the '987 patent. Rather, Koki contends that the structure in the JoistPro 150XP is *identical* to the structure required by the Court's construction. (D.I. 138-2 at Ex. C (Vallee Opening Report) at ¶¶ 133-138, 155, 166.)[1] As a result, *Applied Medical's* discussion of the requirements of finding means-plus-function equivalence is inapplicable to Koki's infringement theory.

---

[1] Kyocera's citation to *Odetics, Inc. v. Storage Technology Corp.*, 185 F.3d 1259 (Fed. Cir. 1999) and *Chiuminatta Concrete Concepts, Inc. v. Cardinal Industries, Inc.*, 145 F.3d 1303 (Fed. Cir. 1998) is similarly misplaced. (Mot. at 4-5.) Both cases deal with analysis of equivalence under 35 U.S.C. § 112, ¶ 6, a question not at issue here. *See Odetics*, 185 F.3d at 1270-71; *Chiuminatta*, 145 F.3d at 1309.

**B.     The Court Properly Found Mr. Miller Applied an Incorrect Legal Standard**

The Court correctly determined that Mr. Miller applied an incorrect legal standard in opining that "the JoistPro 150XP does not infringe claims 14-19 of the #987 patent because its safety mechanism has pneumatic components and a pressurized air supply in addition to the components of the corresponding structure identified in my claim construction of the 'push portion' means-plus-function limitation." (Order at 3; Mot. at 5-6.)

Mr. Miller does not dispute that the JoistPro literally contains all of the structure that the Court recited in its construction of the term "push portion" (*i.e.*, upper safety portion, cam member, and lower safety portion) and does not dispute that these structures in the JoistPro perform the claimed function. (*See generally*, D.I. 138-2 at Ex. E (Miller Rebuttal Report) at ¶¶ 39, 44, 47, 48.) Instead, Dr. Miller's sole argument regarding non-infringement is that the JoistPro requires *additional structure* to allegedly carry out the claimed function. As discussed above, this is not the proper legal standard for evaluating infringement of a means-plus-function limitation. The Court therefore properly excluded Mr. Miller's opinion.

**C.     The "Additional Elements" Rule Is Directly Applicable to Mr. Miller's Opinion**

Kyocera incorrectly contends that the "Additional Elements" Rule does not apply to Mr. Miller's opinion. (Mot. at 6-7.) But Mr. Miller does not dispute that the

7

JoistPro has the claimed structure and that claimed structure is used to perform the claimed function. Instead, his sole argument regarding non-infringement is that the JoistPro requires *additional structure* to allegedly carry out the claimed function. Whether this additional structure is used to perform the claimed function is of no consequence. Rather, the only inquiry that matters is whether the JoistPro 150XP has the claimed structure and uses that structure in performing the claimed function. *See SunTiger, Inc. v. Scientific Research Funding Group*, 189 F.3d 1327, 1336 (Fed. Cir. 1999) (finding that an accused device infringes if it contains at least that structure defined by the court to perform the claimed function, even if it also contains additional structure to perform the function).

      Kyocera improperly tries to limit the Federal Circuit's ruling in *Bernard Dalsin Manufacturing Co. v. RMR Products, Inc.* by incorrectly stating that "[t]he Court never broadly stated that one should disregard the presence of any structure necessary to perform the claimed function of a means-plus-function limitation." (Mot. at 8.) In *Bernard*, the alleged infringer argued that "its devices do not contain the claimed 'mounting means' … because there is intervening structure positioned between the damper plate and the top of the chimney flue in the accused devices." *See* 10 F. App'x at 888. The Federal Circuit squarely rejected this argument, finding that the presence of the "intervening structure" was irrelevant to the infringement analysis because "it is well-established that the presence of additional structure, such

8

as the intervening structure, in the accused device will not exclude a finding of infringement, and there is no requirement in the claim here that such additional structure be absent." *Id.* (internal citations omitted). This finding is consistent with numerous Federal Circuit decisions discussed above.

Kyocera is also mistaken in its attempt to distinguish *Vulcan Eng'g Co. v. Fata Aluminum Inc.* by arguing none of the additional features discussed in *Vulcan* were necessary to perform the claimed function. (Mot. at 8-9.) Contrary to Kyocera's assertion, the accused infringer in *Vulcan* argued the means-plus-function claim limitation "drive means" was not met because the accused drive system had *additional* structure (*i.e.*, an electronic valve) that performed the claimed function of "effecting intermittent movement of the mold carriers between indexed positions along said track means":

> Fata states that its drive system has features in addition to those shown in the '787 patent, pointing out that in addition to a shock absorbing stop as shown in the '787 patent, Fata uses an electronic valve that slows the carriage to a controlled stop.

*Vulcan*, 278 F.3d at 1375-76. The Federal Circuit rejected this argument, holding that "when all of the claimed features are present in the accused system, the use of additional features does not avoid infringement." *Id.* at 1376. Nowhere did the *Vulcan* court make a factual finding that an electronic valve was not involved in performing the claimed function. Instead, the court correctly focused only on

9

whether the relevant structures in the accused device are used to perform the claimed function, regardless of whether additional structure(s) is also used. *Id.*

## IV. CONCLUSION

The Court correctly followed the Federal Circuit's established precedent that the mere addition of components in the accused product to perform the stated function cannot negate infringement. Because Mr. Miller applied an incorrect legal standard, the Court correctly excluded certain of his opinions related to non-infringement by Kyocera's JoistPro 150XP Nailer. Accordingly, Kyocera's motion for reconsideration, which simply seeks a "do over" on law and arguments already decided, should be denied.

| | |
|---|---|
| OF COUNSEL: | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| Paul Devinsky<br>MCDERMOTT WILL & EMERY LLP<br>The McDermott Building<br>500 North Capitol Street, N.W.<br>Washington, DC  20001<br>(202) 756-8000<br>pdevinsky@mwe.com | /s/ *Karen Jacobs*<br>Karen Jacobs (#2881)<br>Michael J. Flynn (#5333)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE  19899-1347<br>(302) 658-9200<br>kjacobs@mnat.com<br>Michael.flynn@mnat.com |
| Amol A. Parikh<br>Thomas DaMario<br>MCDERMOTT WILL & EMERY LLP<br>444 West Lake Street<br>Chicago, IL  60606<br>(312) 372-2000<br>amparikh@mwe.com<br>tdamario@mwe.com | *Attorneys for Plaintiff Koki Holdings, Co. Ltd.* |

October 14, 2020

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION

The foregoing complies with the type-volume limitations of paragraph 12(b) of the Scheduling Order (D.I. 14). The text of this brief, including footnotes, was prepared in Times New Roman 14-point. According to the word processing system used to prepare it, the brief contains 2,316 words, excluding the case caption and signature block.

Dated: October 14, 2020

/s/ Karen Jacobs
Karen Jacobs (#2881)

# **CERTIFICATE OF SERVICE**

I hereby certify that on October 14, 2020, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on October 14, 2020, upon the following in the manner indicated:

| | |
|---|---|
| Kelly E. Farnan, Esquire<br>RICHARDS, LAYTON & FINGER, P.A.<br>One Rodney Square<br>920 North King Street<br>Wilmington, DE  19801<br>*Attorneys for Defendant Kyocera Senco Industrial Tools, Inc.* | *VIA ELECTRONIC MAIL* |
| Robert S. Rigg, Esquire<br>David Bernard, Esquire<br>John K. Burke, Esquire<br>VEDDER PRICE P.C.<br>222 North LaSalle Street<br>Chicago, IL  60601<br>*Attorneys for Defendant Kyocera Senco Industrial Tools, Inc.* | *VIA ELECTRONIC MAIL* |

*/s/ Karen Jacobs*

Karen Jacobs (#2881)