IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KOKI HOLDINGS CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> KYOCERA SENCO INDUSTRIAL TOOLS, INC. <br><br> Defendant. | Civil Action No. 18-313-CFC |

## **ORDER**

Defendant Kyocera Senco Industrial Tools, Inc. has moved for reconsideration of my order (D.I. 182) that (1) precluded its expert, Mr. Miller, from offering at trial the opinion that, because the JoistPro 150 XP's safety mechanism has additional components not identified in my construction of the corresponding structure for the "push portion" limitation in claims 14–19 of the #987 patent, the JoistPro 150XP does not infringe those claims; and (2) struck the portions of Mr. Miller's Rebuttal Report Regarding Non-Infringement that set forth that opinion. D.I. 184. Although motions under Rule 7.1.5 "shall be sparingly granted," D. Del. R. 7.1.5, I will grant Kyocera's motion because my earlier order rested on an error of law.

In my previous order I relied on two Federal Circuit cases to conclude that "Mr. Miller's opinion is contrary to the well-established patent law principle that the presence of additional structure in the accused product will not exclude a finding of infringement of a means-plus function limitation." D.I. 182 at 4 (internal quotation marks, alterations, and citations omitted). Upon reconsideration, I conclude that this well-established "additional elements" rule does not apply to the challenged opinions of Mr. Miller.

"Literal infringement of a means-plus-function claim limitation requires that the relevant structure in the accused device perform the identical function recited in the claim and be identical or equivalent to the corresponding structure in the specification." *Applied Med. Res. Corp. v. U.S. Surgical Corp.*, 448 F.3d 1324, 1333 (Fed. Cir. 2006) (citation omitted). *"Once the relevant structure in the accused device has been identified,* a party may prove it is equivalent to the disclosed structure by showing that the two perform the identical function in substantially the same way, with substantially the same result." *Id.* (emphasis added) (citation omitted). Kyocera argues, and I think it's correct, that under *Applied Medical* the actual infringement analysis for a means-plus-function claim limitation and, thus, the additional elements rule, do not come into play until after the "relevant structure" in the accused device is identified.

ii

Here, Mr. Miller's discussion of additional components was in the context of his identification of the relevant structure in the accused device that performs the claimed function. His point was that the relevant structure identified by Koki's expert did not and could not perform the claimed function without additional elements. *See* D.I. 138-2, Ex. E ¶ 39 (opining that components identified by Koki's expert "do not perform the claimed function because the JoistPro's safety mechanism also requires additional pneumatic components and a pressurized air supply to operate."). Accordingly, after reconsideration, I find that the challenged opinions of Mr. Miller were not contrary to law and therefore are admissible.

NOW THEREFORE, at Wilmington on this 21st day of January 2021, **IT IS HEREBY ORDERED** that

1. Defendant's Motion for Reconsideration of Order Excluding Certain Opinions of Defendant's Expert (D.I. 184) is **GRANTED,**

2. the Memorandum Order granting in part and denying in part Plaintiff's Motion to Exclude Certain Opinions of Mr. Keven Miller (D.I. 182) is **VACATED,** and

3. Plaintiff's Motion to Exclude Certain Opinions of Mr. Keven Miller (D.I. 139) is **DENIED**.

_____
UNITED STATES DISTRICT JUDGE