IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KOKI HOLDINGS CO., LTD., | |
| Plaintiff, | |
| v. | Civil Action No. 18-313-CFC |
| KYOCERA SENCO INDUSTRIAL TOOLS, INC. | |
| Defendant. | |

## ORDER

Pending before me is Plaintiff Koki Holdings Co., Ltd.'s Motion for Summary Judgment that U.S. Patent Nos. 7,156,012 and 7,398,647 Are Not Invalid (D.I. 136). In its Concise Statement of Facts filed in support of the motion, Koki identified the following two facts as material to the motion and not in dispute: (1) "[Defendant] Kyocera asserts that claim 1 of the #647 patent is anticipated by a physical SN325+ model," D.I. 138 ¶ 7; and (2) "Kyocera is relying on a physical sample of the SN325+ as prior art," D.I. 138 ¶ 10. At oral argument, Koki clarified that the "physical SN325+ model" and the "physical sample of the SN325+" are one and the same and refer to a nailer found in a Kyocera lab. Koki

further clarified its position that this physical sample "is not [a] model that was actually sold." Hr'g 18:22–25, Jan. 8, 2021.

Kyocera denies that its anticipation defense relies solely on the existence of the sample found in its lab. Kyocera's position is that the SN325+ sample found in the lab is an example or sample of a product that Kyocera sold and that the product is prior art that anticipates the asserted claims in question. D.I. 162 at 21; *see also* D.I. 179 ¶ 7 ("Defendant asserts that claim 1 of the #647 Patent is invalid based on the prior public use and sale of the SN325+ nailer under pre-AIA 35 U.S.C. § 102(b). The physical SN325+ model is merely an example of the SN325+ nailer that was publicly available and sold before the critical date of the #012 and #647 Patents" (internal citations omitted)). It cites in support of its position the declaration of Mr. Shoemake, an employee in Kyocera's assembly department, D.I. 163 at ¶¶ 2–15, the declaration of Mr. McCardle, an engineer at Kyocera, D.I. 164 at ¶¶ 3, 5–6, advertisements for the SN325+, D.I. 163-1, Exs. S20, S21, public documentation for the SN325+, D.I. 163-1, Exs. S22, S23, S24, and internal manufacturing drawings consistent with the physical SN325+ model, D.I. 163-1, Ex. S25; D.I. 164-1, Ex. M26.

There is, therefore, a dispute about a material fact. Accordingly, I will deny the motion. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)

(holding that summary judgment will not lie if there is a genuine dispute about a material fact).

NOW THEREFORE, at Wilmington this Twenty-second day of January in 2021, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Summary Judgment that U.S. Patent Nos. 7,156,012 and 7,398,647 Are Not Invalid (D.I. 136) is **DENIED**.

_____
UNITED STATES DISTRICT JUDGE