IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KOKI HOLDINGS CO., LTD., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | C.A. No. 18-313 (CFC) |
| ) | |
| KYOCERA SENCO INDUSTRIAL TOOLS, ) | **DEMAND FOR JURY TRIAL** |
| INC., ) | |
| ) | |
| Defendant. ) | |

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Koki Holdings Co., Ltd. (hereinafter "Plaintiff" or "Koki"), by and through its undersigned counsel, files this First Amended Complaint for Patent Infringement against Defendant Kyocera Senco Industrial Tools, Inc. (hereinafter "Defendant" or "Kyocera Senco") alleging as follows:

**NATURE OF THE ACTION**

1. This is a patent infringement action to stop Kyocera Senco's infringement of U.S. Patent Nos. 8,118,204 (the "'204 patent"), RE42,987 (the "'987 patent"), 7,156,012 (the "'012 patent"), 7,398,647 (the "'647 patent"), and 7,325,709 (the "'709 patent") (collectively, the "Asserted Patents").

**PARTIES**

2. Koki is a foreign corporation organized and existing under the laws of Japan having a principal place of business at Shinagawa Intercity Tower A, 20th Floor, 15-1, Konan 2-chome, Minato-ku, Tokyo 108-6020, Japan.

3. Based on information and belief, Kyocera Senco is a corporation duly organized and existing under the laws of the State of Delaware, and has its principal place of business located at 4270 Ivy Pointe Blvd., Cincinnati, OH 45245. Kyocera Senco may be served with

process through its registered agent for service in Delaware: Corporation Service Company, 2711 Centerville Rd. Suite 400, Wilmington, DE 19808.

## JURISDICTION AND VENUE

4. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

5. Kyocera Senco is subject to personal jurisdiction in this Court because (i) Kyocera Senco is a Delaware corporation and thus resides in Delaware; (ii) Kyocera Senco has purposefully availed itself of the privileges of conducting business in the State of Delaware and in the District of Delaware; (iii) Kyocera Senco has sought protection and benefit from the laws of the State of Delaware and is incorporated there; (iv) Kyocera Senco regularly conducts business within the State of Delaware and within the District of Delaware; and (v) Koki's causes of action arise directly from Kyocera Senco's business contacts and other activities in the State of Delaware and in the District of Delaware.

6. Venue is proper pursuant to 28 U.S.C. § 1400(b) because Kyocera Senco resides in the District of Delaware based on its formation under the laws of Delaware.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 8,118,204

7. Koki incorporates by reference and re-alleges the allegations of paragraphs 1 through 6.

8. Koki is the owner, by assignment, of U.S. Patent No. 8,118,204 (the "'204 patent"), entitled PORTABLE FASTENING TOOL, which issued on February 21, 2012. A true and correct copy of the '204 patent is attached as Exhibit A.

9. Kyocera Senco makes, uses, offers to sell and/or sells within the United States and/or imports into the United States nailers, including the Fusion F-15 nailer, having a magazine that overlaps with a portion of the battery pack on the nailer in order to minimize the height of the tool and enable the tool to be used in narrow workplaces. *See e.g.*, https://www.youtube.com/watch?v=Mauh8G3H1GQ.

10. Kyocera Senco has directly infringed, and continues to directly infringe, one or more claims of the '204 patent in the United States, including at least claims 12, 13, and 15, literally and/or under the doctrine of equivalents, by making, using, offering for sale, selling, and/or importing nailers, including the Fusion F-15 nailer, that embody the inventions of and are within the scope of one or more claims of the '204 patent. Exhibit F includes a claim chart illustrating how the Fusion F-15 nailer infringes claim 12 of the '204 patent.

11. Kyocera Senco indirectly infringes, at least as of the date of filing this complaint, one or more claims of the '204 patent in the United States, including at least claims 12, 13, and 15, by, among other things, causing others to use, offer for sale, sell, and/or import nailers, including the Fusion F-15 nailer, that embody the inventions of and are within the scope of one or more claims of the '204 patent. Kyocera Senco's customers who use the Fusion F-15 nailer in accordance with Kyocera Senco's instructions directly infringe one or more claims of the '204 patent in the United States, including at least claims 12, 13, and 15 in violation of 35 U.S.C. § 271. Kyocera Senco directly and/or indirectly intentionally instructs customers to infringe through brochures, installation and user guides, and/or demonstrations located at one or more of the following:

- http://www.senco.com/
- http://www.senco.com/tools/details-page/fusion-f-15

- http://www.senco.com/docs/manuals-and-parts-charts/F-15_MAN.pdf
- http://www.senco.com/docs/manuals-and-parts-charts/F-15_PC.pdf
- https://www.youtube.com/watch?v=Mauh8G3H1GQ

12. The acts of Kyocera Senco complained herein constitute direct and indirect infringement of the '204 patent in violation of 35 U.S.C. § 271.

13. Kyocera Senco will have been on notice of the '204 patent since, at the latest, the service of this Complaint upon Kyocera Senco. By the time of trial, Kyocera Senco will have known and intended (since receiving such notice) that its continued actions would actively induce and contribute to the infringement of one or more claims of the '204 patent in the United States, including at least claims 12, 13, and 15.

14. Kyocera Senco's infringement of the '204 patent has injured Koki and Koki is entitled to recover damages adequate to compensate it for such infringement.

15. Kyocera Senco's infringement of the '204 patent has injured and will continue to injure Koki unless and until this Court enters an injunction prohibiting further infringement and enjoining further manufacture, use, importation, offers for sale, and sale of Kyocera Senco's infringing products that fall with the scope of any of the claims of the '204 patent.

**COUNT II**
**INFRINGEMENT OF U.S. PATENT NO. RE42,987**

16. Koki incorporates by reference and re-alleges the allegations of paragraphs 1 through 15.

17. Koki is the owner, by assignment, of U.S. Patent No. RE42,987 (the "'987 patent"), entitled NAIL GUN WITH SAFETY PORTION MECHANISM FOR PREVENTING MISFIRES, which issued on December 6, 2011. A true and correct copy of the '987 patent is attached as Exhibit B.

18. Kyocera Senco makes, uses, offers to sell and/or sells within the United States and/or imports into the United States nailers, including the JoistPro 150XP nailer, having a nosepiece design that provides accurate nail placement into pre-punched metal connector holes by employing a push lever mechanism that allows the user to easily locate the nail prior to firing. *See e.g.*, https://www.youtube.com/watch?v=DebvO2QzSBI.

19. Kyocera Senco has directly infringed, and continues to directly infringe, one or more claims of the '987 patent in the United States, including at least claims 14, 15, 16, 17, 18, and 19, literally and/or under the doctrine of equivalents, by making, using, offering for sale, selling, and/or importing nailers, including the JoistPro 150XP nailer, that embody the inventions of and are within the scope of one or more claims of the '987 patent. Exhibit F includes a claim chart illustrating how the JoistPro 150XP infringes claim 14 of the '987 patent.

20. Kyocera Senco indirectly infringes, at least as of the date of filing this complaint, one or more claims of the '987 patent in the United States, including at least claims 14, 15, 16, 17, 18, and 19, by, among other things, causing others to use, offer for sale, sell, and/or import nailers, including the JoistPro 150XP nailer, that embody the inventions of and are within the scope of one or more claims of the '987 patent. Kyocera Senco's customers who use the JoistPro 150XP nailer in accordance with Kyocera Senco's instructions directly infringe one or more claims of the '987 patent in the United States, including at least claims 14, 15, 16, 17, 18, and 19, in violation of 35 U.S.C. § 271. Kyocera Senco directly and/or indirectly intentionally instructs customers to infringe through brochures, installation and user guides, and/or demonstrations located at one or more of the following:

- http://www.senco.com/
- http://www.senco.com/tools/details-page/joistpro-trade-150xp

- http://www.senco.com/docs/manuals-and-parts-charts/JoistPro150XP_MAN.pdf
- http://www.senco.com/docs/manuals-and-parts-charts/JoistPro150XP_PC.pdf
- https://www.youtube.com/watch?v=DebvO2QzSBI
- https://www.youtube.com/watch?v=BrCiocyOPcs

21. The acts of Kyocera Senco complained herein constitute direct and indirect infringement of the '987 patent in violation of 35 U.S.C. § 271.

22. Kyocera Senco will have been on notice of the '987 patent since the issuance of the '987 patent. In addition, by the time of trial, Kyocera Senco will have known and intended (since receiving such notice) that its continued actions would actively induce and contribute to the infringement of one or more claims of the '987 patent in the United States, including at least claims 14, 15, 16, 17, 18, and 19.

23. Kyocera Senco's infringement of the '987 patent has injured Koki and Koki is entitled to recover damages adequate to compensate it for such infringement.

24. Kyocera Senco's infringement of the '987 patent has injured and will continue to injure Koki unless and until this Court enters an injunction prohibiting further infringement and enjoining further manufacture, use, importation, offers for sale, and sale of Kyocera Senco's infringing products that fall with the scope of any of the claims of the '987 patent.

25. Kyocera Senco's infringement of the '987 patent has been and continues to be willful. Upon information and belief, Kyocera Senco has been aware of the '987 patent since at least the date the patent issued. In 2006, a representative of Defendant who represented himself as the patent coordinator for Defendant and Plaintiff discussed potential licensing of U.S. Patent No. 6,974,062, which is in the same patent family and describes and claims the same technology as that claimed in the '987 patent. On information and belief Kyocera Senco would have

monitored the patent families in light of these licensing discussions. Notwithstanding its knowledge of this patent family, including the '987 patent, Kyocera Senco has knowingly, or with reckless disregard, infringed the '987 patent by continuing to make, use, offer for sale, sell, and/or import nailers, including the JoistPro 150XP nailer, that embody the inventions of and that are within the scope of one or more claims of the '987 patent. Kyocera Senco has thus had knowledge of infringement of the '987 patent and acted egregiously in violating Koki's valid patent rights. According, Plaintiff seeks enhanced damages from Kyocera Senco pursuant to 35 U.S.C. § 284.

## COUNT III
## INFRINGEMENT OF U.S. PATENT NO. 7,156,012

26. Koki incorporates by reference and re-alleges the allegations of paragraphs 1 through 25.

27. Koki is the owner, by assignment, of U.S. Patent No. 7,156,012 (the "'012 patent"), entitled PNEUMATICALLY OPERATED FASTENER DRIVING TOOL, which issued on January 2, 2007. A true and correct copy of the '012 patent is attached as Exhibit C.

28. Kyocera Senco makes, uses, offers to sell and/or sells within the United States and/or imports into the United States nailers, including the SNS41 nailer, that optimize the relationship (ratio) between the effective cross-sectional area of the main valve control channel (for exhausting compressed air) and the volume of the main valve chamber in order to achieve rapid firing. *See e.g.*, http://www.senco.com/docs/manuals-and-parts-charts/SNS41_MAN.pdf; http://www.senco.com/docs/manuals-and-parts-charts/SNS41_PC.pdf.

29. Kyocera Senco has directly infringed, and continues to directly infringe, one or more claims of the '012 patent in the United States, including at least claims 1, 2, 3, and 4, literally and/or under the doctrine of equivalents, by making, using, offering for sale, selling,

and/or importing nailers, including the SNS41 nailer, that embody the inventions of and are within the scope of one or more claims of the '012 patent. Exhibit F includes a claim chart illustrating how the SNS41 nailer infringes claim 1 of the '012 patent.

30. Kyocera Senco indirectly infringes, at least as of the date of filing this complaint, one or more claims of the '012 patent in the United States, including at least claims 1, 2, 3, and 4, by, among other things, causing others to use, offer for sale, sell, and/or import nailers, including the SNS41 nailer, that embody the inventions of and are within the scope of one or more claims of the '012 patent. Kyocera Senco's customers who use the SNS41 nailer in accordance with Kyocera Senco's instructions directly infringe one or more claims of the '012 patent in the United States, including at least claims 1, 2, 3, and 4, in violation of 35 U.S.C. § 271. Kyocera Senco directly and/or indirectly intentionally instructs customers to infringe through brochures, installation and user guides, and/or demonstrations located at one or more of the following:

- http://www.senco.com/
- http://www.senco.com/tools/details-page/sns41
- http://www.senco.com/docs/manuals-and-parts-charts/SNS41_MAN.pdf
- http://www.senco.com/docs/manuals-and-parts-charts/SNS41_PC.pdf

31. The acts of Kyocera Senco complained herein constitute direct and indirect infringement of the '012 patent in violation of 35 U.S.C. § 271.

32. Kyocera Senco will have been on notice of the '012 patent since, at the latest, the service of this Complaint upon Kyocera Senco. By the time of trial, Kyocera Senco will have known and intended (since receiving such notice) that its continued actions would actively

induce and contribute to the infringement of one or more claims of the '012 patent in the United States, including at least claims 1, 2, 3, and 4.

33. Kyocera Senco's infringement of the '012 patent has injured Koki and Koki is entitled to recover damages adequate to compensate it for such infringement.

34. Kyocera Senco's infringement of the '012 patent has injured and will continue to injure Koki unless and until this Court enters an injunction prohibiting further infringement and enjoining further manufacture, use, importation, offers for sale, and sale of Kyocera Senco's infringing products that fall with the scope of any of the claims of the '012 patent.

35. Kyocera Senco's infringement of the '012 patent has been and continues to be willful. Kyocera Senco has been aware of the '012 patent since approximately April, 2017. After learning about the '012 patent, Kyocera Senco conducted an independent investigation, measuring aspects of the SNS41 nailer relevant to the claims of the '012 patent, including the volume of the main valve chamber and cross sectional area of the main valve control channel. The results of Kyocera Senco's investigation demonstrate that the SNS41 nailer infringes at least claims 1, 2, 3, and 4 of the '012 patent. Therefore, at least as of the time it conducted its investigation, Kyocera Senco knew that it infringed at least claims 1, 2, 3, and 4 of the '012 patent or was willfully blind to the high probability that it infringed at least claims 1, 2, 3, and 4 of the '012 patent and took deliberate actions to avoid learning of this high probability. Notwithstanding its knowledge of the '012 patent and its infringement, Kyocera Senco has knowingly, or with reckless disregard, infringed the '012 patent by continuing to make, use, offer for sale, sell, and/or import nailers, including the SNS41 nailer, that embody the inventions of and that are within the scope of one or more claims of the '012 patent. Kyocera Senco has thus had knowledge of infringement of the '012 patent and acted egregiously in violating Koki's valid

patent rights. According, Plaintiff seeks enhanced damages from Kyocera Senco pursuant to 35 U.S.C. § 284.

## COUNT IV
## INFRINGEMENT OF U.S. PATENT NO. 7,398,647

36. Koki incorporates by reference and re-alleges the allegations of paragraphs 1 through 35.

37. Koki is the owner, by assignment, of U.S. Patent No. 7,398,647 (the "'647 patent"), entitled PNEUMATICALLY OPERATED FASTENER DRIVING TOOL, which issued on July 15, 2008. A true and correct copy of the '647 patent is attached as Exhibit D.

38. Kyocera Senco makes, uses, offers to sell and/or sells within the United States and/or imports into the United States nailers, including the SNS41 nailer, that optimize the relationship (ratio) between the effective cross-sectional area of the main valve control channel (for exhausting compressed air) and the volume of the main valve chamber in order to achieve rapid firing. *See e.g.*, http://www.senco.com/docs/manuals-and-parts-charts/SNS41_MAN.pdf; http://www.senco.com/docs/manuals-and-parts-charts/SNS41_PC.pdf.

39. Kyocera Senco has directly infringed, and continues to directly infringe, one or more claims of the '647 patent in the United States, including at least claims 1 and 10, literally and/or under the doctrine of equivalents, by making, using, offering for sale, selling, and/or importing nailers, including the SNS41 nailer, that embody the inventions of and are within the scope of one or more claims of the '647 patent. Exhibit F includes a claim chart illustrating how the SNS41 nailer infringes claim 1 of the '647 patent.

40. Kyocera Senco indirectly infringes, at least as of the date of filing this complaint, one or more claims of the '647 patent in the United States, including at least claims 1 and 10, by, among other things, causing others to use, offer for sale, sell, and/or import nailers, including the

SNS41 nailer, that embody the inventions of and are within the scope of one or more claims of the '647 patent. Kyocera Senco's customers who use the SNS41 nailer in accordance with Kyocera Senco's instructions directly infringe one or more claims of the '647 patent in the United States, including at least claims 1 and 10, in violation of 35 U.S.C. § 271. Kyocera Senco directly and/or indirectly intentionally instructs customers to infringe through brochures, installation and user guides, and/or demonstrations located at one or more of the following:

- http://www.senco.com/
- http://www.senco.com/tools/details-page/sns41
- http://www.senco.com/docs/manuals-and-parts-charts/SNS41_MAN.pdf
- http://www.senco.com/docs/manuals-and-parts-charts/SNS41_PC.pdf

41. The acts of Kyocera Senco complained herein constitute direct and indirect infringement of the '647 patent in violation of 35 U.S.C. § 271.

42. Kyocera Senco will have been on notice of the '647 patent since, at the latest, the service of this Complaint upon Kyocera Senco. By the time of trial, Kyocera Senco will have known and intended (since receiving such notice) that its continued actions would actively induce and contribute to the infringement of one or more claims of the '647 patent in the United States, including at least claims 1 and 10.

43. Kyocera Senco's infringement of the '647 patent has injured Koki and Koki is entitled to recover damages adequate to compensate it for such infringement.

44. Kyocera Senco's infringement of the '647 patent has been and continues to be willful. Kyocera Senco has been aware of the '647 patent since approximately April, 2017. After learning about the '647 patent, Kyocera Senco conducted an independent investigation, measuring aspects of the SNS41 nailer relevant to the claims of the '647 patent, including the

volume of the main valve chamber and cross sectional area of the main valve control channel. The results of Kyocera Senco's investigation demonstrate that the SNS41 nailer infringes at least claims 1 and 10 of the '647 patent. Therefore, at least as of the time it conducted its investigation, Kyocera Senco knew that it infringed at least claims 1 and 10 of the '647 patent or was willfully blind to the high probability that it infringed at least claims 1 and 10 of the '647 patent and took deliberate actions to avoid learning of this high probability. Notwithstanding its knowledge of the '647 patent and its infringement, Kyocera Senco has knowingly, or with reckless disregard, infringed the '647 patent by continuing to make, use, offer for sale, sell, and/or import nailers, including the SNS41 nailer, that embody the inventions of and that are within the scope of one or more claims of the '647 patent. Kyocera Senco has thus had knowledge of infringement of the '647 patent and acted egregiously in violating Koki's valid patent rights. According, Plaintiff seeks enhanced damages from Kyocera Senco pursuant to 35 U.S.C. § 284.

## COUNT V
## INFRINGEMENT OF U.S. PATENT NO. 7,325,709

45. Koki incorporates by reference and re-alleges the allegations of paragraphs 1 through 44.

46. Koki is the owner, by assignment, of U.S. Patent No. 7,325,709 (the "'709 patent"), entitled FASTENER DRIVING TOOL AND MAGAZINE DEVICE, which issued on February 8, 2008. A true and correct copy of the '709 patent is attached as Exhibit E.

47. Kyocera Senco makes, uses, offers to sell and/or sells within the United States and/or imports into the United States nailers, including the FramePro 325FRHXP, and FramePro 325XP nailers, where the width of the accommodating portion of the magazine gradually increases from the bottom of the magazine toward its middle. *See e.g.*,

http://www.senco.com/tools/details-page/framepro325frhxp;

http://www.senco.com/tools/details-page/framepro325xp.

48. Kyocera Senco has directly infringed, and continues to directly infringe, one or more claims of the '709 patent in the United States, including at least claims 1, 3, 4, 5, 8, 9, 10, and 14, literally and/or under the doctrine of equivalents, by making, using, offering for sale, selling, and/or importing nailers, including the FramePro 325FRHXP and FramePro 325XP nailers, that embody the inventions of and are within the scope of one or more claims of the '709 patent.

49. Kyocera Senco indirectly infringes, at least as of the date of filing this complaint, one or more claims of the '709 patent in the United States, including at least claims 1, 3, 4, 5, 8, 9, 10, and 14, by, among other things, causing others to use, offer for sale, sell, and/or import nailers, including the FramePro 325FRHXP and FramePro 325XP nailers, that embody the inventions of and are within the scope of one or more claims of the '647 patent. Kyocera Senco's customers who use the FramePro 325FRHXP and FramePro 325XP nailers in accordance with Kyocera Senco's instructions directly infringe one or more claims of the '709 patent in the United States, including at least claims 1, 3, 4, 5, 8, 9, 10, and 14, in violation of 35 U.S.C. § 271. Kyocera Senco directly and/or indirectly intentionally instructs customers to infringe through brochures, installation and user guides, and/or demonstrations located at one or more of the following:

- http://www.senco.com/
- http://www.senco.com/tools/details-page/framepro325frhxp
- http://www.senco.com/docs/manuals-and-parts-charts/FramePro325FRHXP_MAN.pdf

- http://www.senco.com/docs/manuals-and-parts-charts/FramePro325FRHXP_PC.pdf
- http://www.senco.com/tools/details-page/framepro325xp
- http://www.senco.com/docs/manuals-and-parts-charts/FramePro325XP_MAN.pdf
- http://www.senco.com/docs/manuals-and-parts-charts/FramePro325XP_PC.pdf
- https://www.youtube.com/watch?v=BrCiocyOPcs
- https://www.youtube.com/watch?v=oJm8MWNtavQ
- https://www.youtube.com/watch?v=VqUd6z-ppR0

50. The acts of Kyocera Senco complained herein constitute direct and indirect infringement of the '709 patent in violation of 35 U.S.C. § 271.

51. Kyocera Senco will have been on notice of the '709 patent since, at the latest, the service of this Complaint upon Kyocera Senco. By the time of trial, Kyocera Senco will have known and intended (since receiving such notice) that its continued actions would actively induce and contribute to the infringement of one or more claims of the '709 patent in the United States, including at least claims 1, 3, 4, 5, 8, 9, 10, and 14.

52. Kyocera Senco's infringement of the '709 patent has injured Koki and Koki is entitled to recover damages adequate to compensate it for such infringement.

53. Kyocera Senco's infringement of the '709 patent has injured and will continue to injure Koki unless and until this Court enters an injunction prohibiting further infringement and enjoining further manufacture, use, importation, offers for sale, and sale of Kyocera Senco's infringing products that fall with the scope of any of the claims of the '709 patent.

**JURY DEMAND**

Koki hereby demands a jury trial on all issues so triable.

**PRAYER FOR RELIEF**

Koki requests the Court enter judgment in its favor and against Kyocera Senco as follows:

(a)  Finding that Kyocera Senco has infringed, induced others to infringe, and/or contributed to the infringement of the Asserted Patents;

(b)  Finding that Kyocera Senco's infringement of the '987, '012, and '647 patents was willful;

(c)  Awarding damages to Koki under 35 U.S.C. § 284 along with interests and costs for Kyocera Senco's infringement of the Asserted Patents;

(d)  Finding that this case is an exceptional case under 35 U.S.C. § 285 and awarding all remedies available thereunder including Koki's attorney fees;

(e)  Entering a permanent injunction under 35 U.S.C. § 283 enjoining Kyocera Senco, its officers, partners, employees, agents, parent subsidiaries, attorneys, and anyone acting or participating with Kyocera Senco from making, selling, offering for sale, importing, or using a product that infringes the Asserted Patents; and,

(f)  Awarding to Koki such other and further relief as this Court or a jury deem just and equitable.

OF COUNSEL:

Paul Devinsky
Stephen J. Smith
MCDERMOTT WILL & EMERY LLP
The McDermott Building
500 North Capitol Street, N.W.
Washington, DC 20001
(202) 756-8000

Amol A. Parikh
Thomas DaMario
MCDERMOTT WILL & EMERY LLP
444 West Lake Street
Chicago, IL 60606
(312) 372-2000

Hitoshi Akiba
KILPATRICK TOWNSEND & STOCKTON LLP
The Imperial Tower, 15th Floor
1-1-1 Uchisaiwaicho,
Chiyoda-ku, Tokyo,
Japan 100
+81.3.350.756.09

March 6, 2020

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ *Michael J. Flynn*

Karen Jacobs (#2881)
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
kjacobs@mnat.com
mflynn@mnat.com

*Attorneys for Plaintiff Koki Holdings Co., Ltd.*