IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| KOKI HOLDINGS CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> KYOCERA SENCO INDUSTRIAL TOOLS, INC., <br><br> Defendant. | Civil Action No. 18-313-CFC |

Karen Jacobs, Michael J. Flynn, MORRIS, NICHOLS, ARSHT & TUNNELL LLP, Wilmington, Delaware; Paul Devinsky, Stephen J. Smith, MCDERMOTT WILL & EMERY LLP, Washington, DC; Amol A. Parikh, Thomas DaMario, MCDERMOTT WILL & EMERY LLP, Chicago, Illinois; Hitoshi Akiba, KILPATRICK TOWNSEND & STOCKTON LLP, Chiyoda-ku, Tokyo, Japan

*Counsel for Plaintiff*

Kelly E. Farnan, RICHARDS, LAYTON & FINGER, P.A., Wilmington, Delaware; Robert S. Rigg, David Bernard, John K. Burke, VEDDAR PRICE P.C., Chicago, Illinois

*Counsel for Defendant*

### MEMORANDUM OPINION

March 22, 2021
Wilmington, Delaware

_[signature]_
COLM F. CONNOLLY
UNITED STATES DISTRICT JUDGE

Plaintiff Koki Holdings Co., Ltd. has sued Defendant Kyocera Senco Industrial Tools, Inc. for patent infringement. D.I. 90. Pending before me is Defendant's Motion for Summary Judgment of Invalidity of U.S. Patent No. 7,156,012 (the #012 patent). D.I. 142. The patent is directed to a pneumatic fastener driving tool—that is, a nail gun driven by compressed air. Kyocera argues that claims 2, 3 and 4 of the #012 patent require a physical impossibility—namely, a fluid connection between a channel and a solid—and therefore are invalid for indefiniteness.

Section 112(b) of the Patent Act requires that the claims of a patent "particularly point[] out and distinctly claim[] the subject matter which the inventor . . . regards as the invention." 35 U.S.C. § 112(b) (previously § 112 ¶ 2). To satisfy this requirement, a claim must be "sufficiently 'definite.'" *Allen Eng'g Corp. v. Bartell Indus., Inc.*, 299 F.3d 1336, 1348 (Fed. Cir. 2002). A claim that is nonsensical or requires an impossibility is indefinite as a matter of law under §112(b). *Synchronoss Techs., Inc. v. Dropbox, Inc.*, 987 F.3d 1358, 1366–67 (Fed. Cir. 2021). "Indefiniteness is a matter of claim construction, and the same principles that generally govern claim construction are applicable to determining whether allegedly indefinite claim language is subject to construction." *Praxair,*

2

*Inc. v. ATMI, Inc.*, 543 F.3d 1306, 1319 (Fed. Cir. 2008), *abrogated on other grounds by Nautilus, Inc. v. Biosig Instruments, Inc.*, 572 U.S. 898, 901 (2014). Courts construe claims "as written, not as the patentees wish they had written [them]." *Chef Am. Inc. v. Lamb-Weston, Inc.*, 358 F.3d 1371, 1374 (Fed. Cir. 2004).

The clear and unambiguous language of claim 2 (from which claims 3 and 4 depend) requires the impossible—"a trigger valve exterior frame to which the main valve control channel is fluidly connected." #012 patent at claim 2 (30: 40–41). A trigger valve exterior frame is indisputably a solid. A solid is not a fluid and therefore cannot be fluidly connected to anything.

The #012 patent's written description neither explains how this language describes a physical possibility nor offers an alternative meaning for the language. *See* #012 patent at 7:38–43; *see also* #012 patent at 14:22–25, 25:15–21, 26:19–25 (using "fluidly connected" to identify chambers between which there is fluid exchange); #012 patent at 18:6–16, 24:20–26 (explaining that a plunger can create a solid barrier that blocks a fluid connection).

Koki argues that "there is a fluid connection . . . because the fluid from the main valve control channel *contacts* the surface of the trigger valve exterior frame at [certain] locations." D.I. 155 at 5 (emphasis added). But contact and connection are not the same things. And in any event, it is undisputed that the trigger valve

exterior frame remains a solid when it has contact with the fluid from the main valve control channel. Accordingly, that solid frame is incapable of having a fluid connection and cannot be "fluidly connected" to the main valve control channel (or to fluid in the main valve control channel).

Koki argues that its expert Dr. Vallee "explain[ed]" in paragraph 307 of his reply report "exactly how the trigger valve exterior frame is fluidly connected to the main valve control channel." D.I. 155 at 5. Dr. Vallee opines in paragraph 307 that an artisan of ordinary skill would understand from the claim language read in light of the patent's written description and figures that "the trigger valve exterior frame is connected to the main valve control channel such that fluid can pass between the trigger valve and the main control valve channel." D.I. 161-1, Ex. E (Vallee Rebuttal) ¶ 307.

This opinion does not save the claims from Kyocera's indefiniteness challenge for two reasons. First, Dr. Vallee does not say that the frame and channel are fluidly connected, but rather that they are connected *such that* fluid can pass between the trigger valve and the main control valve channel. (Since the trigger valve and main control valve channel are directly adjacent to one another, Dr. Vallee presumably means by his use of "between" that the fluid passes from the channel into the trigger valve and vice versa.) Second, there is no explanation in paragraph 307 about how the trigger valve's exterior *frame*, which is

indisputably solid, can be fluidly connected to fluid coming from the channel into the valve or moving from the valve into the channel. Paragraph 307 could plausibly be read to mean that a fluid connection exists between the trigger *valve* (which consists in part of a hallow area within the exterior frame) and main control valve channel, but it is improper to rewrite claim language to save a patent from impossibility. *See Chef Am.*, 358 F.3d at 1375.

Claims 2, 3, and 4 unambiguously require the fluid connection of a solid and thus a fluid exchange between that solid and an open chamber. Nothing in the record explains how this is possible. There is no genuine dispute of material facts, and summary judgment therefore is appropriate. *See, e.g., Cap. Sec. Sys., Inc. v. NCR Corp.*, 725 F. App'x 952, 958–59 (Fed. Cir. 2018) (affirming district court's decision granting summary judgment of indefiniteness despite expert testimony that an artisan of ordinary skill would understand the disputed claim term with reasonable certainty); *HIP, Inc. v. Hormel Foods Corp.*, No. CV 18-615-CFC, 2019 WL 2579266, at *1 (D. Del. June 24, 2019), *aff'd*, 796 F. App'x 748 (Fed. Cir. 2020) ("Federal Circuit decisions appear to confirm that I may grant summary judgment based on indefiniteness even when the parties present conflicting expert testimony about whether a person of ordinary skill in the art (POSITA) would be able to understand disputed claim terms.").

Since I find that the asserted claims of the #012 patent require a physical impossibility, the claims are inherently unclear and cannot provide "reasonable certainty about the scope of the invention." *Nautilus*, 572 U.S. at 901. Claims 2, 3, and 4 of the #012 patent therefore fail to satisfy the definiteness requirement of § 112 and are invalid; and I will grant Kyocera's motion for summary judgment.

The Court will issue an Order consistent with this Memorandum Opinion.